[No. 4413–II.  Division Two.  April 14, 1981.]

THE STATE OF WASHINGTON, *Appellant,* v. DANIEL L. HODGES, *Respondent.*

*Patrick D. Sutherland, Prosecuting Attorney,* and *James Buckley, Deputy,* for appellant.

*John L. Jarrett,* for respondent.

PETRICH, J.—The State of Washington appeals the order of the trial court granting Daniel L. Hodges' motion to dismiss an information charging him with second degree escape. We remand this matter to the trial court with direction that it hold an evidentiary hearing to determine whether the State is able to justify its delay in arraigning defendant which resulted in the loss of juvenile court jurisdiction.

In December 1978, defendant, then a juvenile, escaped from Cedar Creek Youth Camp, a juvenile detention facility located in Thurston County. The only facts relevant to this appeal are contained in the following chronology:

| | |
|---|---|
| January 9, 1979 | Defendant charged in Thurston County Juvenile Court with second degree escape; arraignment set for March 9, 1979. |
| March 9, 1979 | Defendant apprehended in King County. |
| March 15, 1979 | Notice of defendant's apprehension and return to Cedar Creek received by the Thurston County Prosecuting Attorney's office. |
| April 26, 1979 | Defendant became 18 years old. |
| June 29, 1979 | Date of rescheduled arraignment; juvenile proceedings dismissed for lack of jurisdiction. |
| July 24, 1979 | Defendant recharged in superior court. |
| August 14, 1979 | Defendant arraigned in Thurston County Superior Court. |

On September 7, 1979, the trial court granted defendant's motion to dismiss on the basis that the State's delay in arraigning him resulted in the loss of juvenile court jurisdiction and, therefore, violated due process. The State

appeals. The only issue on appeal is whether the failure of the State to arraign defendant before his 18th birthday resulted in prejudice to defendant in violation of due process.

A delay between arrest and arraignment which is deemed "not prompt" in violation of CrR 4.1(a) is not reversible error absent prejudice of a constitutional nature. *State v. McFarland,* 15 Wn. App. 220, 548 P.2d 569 (1976). *See also* JuCR 7.6(a) (providing that juvenile arraignments are governed by CrR 4.1). In the present case the trial court held that prejudice resulted since the failure to arraign defendant and appoint counsel prior to defendant's 18th birthday resulted in loss of the benefits of the juvenile system to defendant in violation of due process. The trial court also observed that, had counsel been promptly appointed, defendant would have been advised to accelerate the date of trial in order to retain juvenile court jurisdiction.

The State correctly argues that defendant had no constitutional right to be tried in juvenile court. *E.g., State v. Setala,* 13 Wn. App. 604, 536 P.2d 176 (1975). *See also State v. Kramer,* 72 Wn.2d 904, 907, 435 P.2d 970 (1967). However, it cannot be denied that the loss of juvenile court jurisdiction subjects defendant to much harsher penalties and the loss of the benefits of the juvenile system. *See State v. Lawley,* 91 Wn.2d 654, 657–58, 591 P.2d 772 (1979). *See also Dillenburg v. Maxwell,* 70 Wn.2d 331, 344, 413 P.2d 940 (1966) (citing *Kent v. United States,* 383 U.S. 541, 16 L. Ed. 2d 84, 86 S. Ct. 1045 (1966)). Further, it has been held by courts of other jurisdictions that the denial of the benefits of the juvenile system by arbitrary state action, through deliberate or negligent delays in arraignment, violates due process. *Miller v. Quatsoe,* 348 F. Supp. 764 (E.D. Wis. 1972); *accord, State v. Avery,* 80 Wis. 2d 305, 259 N.W.2d 63 (1977); *State v. Becker,* 74 Wis. 2d 675, 247 N.W.2d 495 (1976).

We agree with the principle that a criminal defendant is denied due process when the juvenile court loses jurisdic-

tion through delays in arraignment which the State cannot justify in some manner as reasonable. *See Miller v. Quatsoe, supra.* Accordingly, we remand this action to the Superior Court with direction that it hold an evidentiary hearing to determine whether or not the State can carry its burden to justify the delay in arraignment of defendant.[1] If the State cannot carry this burden, the Superior Court's action in dismissing the information should be affirmed.

PEARSON, A.C.J., and PETRIE, J., concur.

---

[1]In its memorandum of authorities in support of its motion to dismiss, defendant actually sought an evidentiary hearing to determine if he was denied due process by the delay. Rather than inquiring into the nature of the delay, the trial court summarily granted the defendant's motion to dismiss.