[No. 73608-1.   En Banc.]
Argued January 13, 2004.      Decided November 4, 2004.

*In the Matter of the Personal Restraint of* Amel W. Dalluge, *Petitioner.*

774

*David Zuckerman,* for petitioner.

*John D. Knodell, Prosecuting Attorney,* and *Teresa J. Chen* and *Carolyn J. Fair, Deputies,* for respondent.

BRIDGE, J. — At the age of 17, Amel Dalluge was tried and convicted as an adult of two counts of rape in the third degree, and these convictions were upheld on appeal. In a personal restraint petition, Dalluge now contends that either his convictions should be reversed because he was improperly tried as an adult, or his case should be remanded to superior court for a hearing on whether the juvenile court should have retained jurisdiction. Dalluge also asserts that both his trial and appellate counsel were ineffective for failing to object to improper adult criminal court jurisdiction at trial and on appeal.

By the terms of our grant of review, the only issues before this court relate to the absence of a juvenile court decline hearing. However, the Court of Appeals chief judge disposed of the petition on its merits and consequently declined to address the procedural validity of the petition. Thus, we must also determine, as an initial matter, whether the petition is procedurally barred.

We conclude that the petition is not procedurally barred, the adult criminal court lacked jurisdiction, and Dalluge suffered from ineffective assistance of appellate counsel because on direct appeal his attorney failed to challenge the adult criminal court's lack of jurisdiction. We grant the petition and remand to the superior court for a hearing on whether the juvenile court would have retained jurisdiction in this case pursuant to *Dillenburg v. Maxwell*, 70 Wn.2d 331, 413 P.2d 940, 422 P.2d 783 (1966).

I

Facts and Procedural History

On August 21, 1997, Amel Dalluge and two other high school boys gave 15-year-old H.B. a ride home from an

unsupervised teenage party. When the group left the party, H.B. was so intoxicated that she could not stand and she had to be carried to the car. Instead of taking H.B. directly home, the boys drove her to a remote location. The boys pulled her out of the car and eventually placed her on her back on the gravel road. Even though H.B. did not move or respond, the boys took turns having sex with H.B. Dalluge held H.B.'s leg so that another boy could position himself on top of her and later had sex with H.B. himself. Afterward, the boys picked H.B. up off the ground, helped her into the car, and dropped her off near her home.

On September 18, 1997, the State charged 17-year-old Dalluge with rape in the first degree by means of forcible compulsion and kidnapping. Because Dalluge was over 16 and the charged crime was a serious violent offense, the adult criminal court automatically had exclusive original jurisdiction. RCW 13.04.030(1)(e)(v)(A). The State later amended the information, reducing the charges to include one charge of rape in the third degree by complicity (because Dalluge had helped one of the other boys to rape H.B.) and a second charge of rape in the second degree, or in the alternative, rape in the third degree. Although these charges no longer resulted in automatic adult criminal court jurisdiction, neither attorney requested a remand to the juvenile court, and the trial judge did not remand on his own motion.

On March 30, 1998, Dalluge was convicted by a jury in adult criminal court of one count of third degree rape as principal and one count of third degree rape by complicity. Dalluge was sentenced to 14 months on each count to be served concurrently, followed by 36 months in community custody. Dalluge appealed his conviction and the State appealed the sentence. The Court of Appeals affirmed the conviction but remanded for resentencing. *State v. Dalluge*, No. 17541-3-III, 1999 WL 1079190, at *6, 1999 Wash. App. LEXIS 2011. Upon resentencing, Dalluge received 25 months on each count to be served concurrently, followed by 36 months in community custody. A mandate was issued on

March 9, 2000. Dalluge appealed the amended sentence but the Court of Appeals affirmed. *State v. Dalluge*, No. 20054-0-III, 2002 WL 596816, at *2, 2002 Wash. App. LEXIS 646. A second mandate was issued on May 20, 2002.

On September 27, 2002, Dalluge filed a personal restraint petition at the Court of Appeals, which included an argument that the adult criminal court had no jurisdiction over Dalluge and he had been denied his right to a decline hearing in juvenile court. The chief judge of the Court of Appeals, Division Three, dismissed the petition on the merits, stating that although the failure to remand for a decline hearing was error, because Dalluge raised the decline hearing issue for the first time on collateral review, in order to prevail he must demonstrate actual and substantial prejudice by showing that the juvenile court would have retained jurisdiction over him. The chief judge determined that Dalluge failed to prove actual and substantial prejudice. Because the petition was dismissed on the merits, the chief judge did not consider the timeliness of Dalluge's petition.

Dalluge filed a motion for discretionary review in this court, arguing again that his convictions should be reversed because he was improperly tried as an adult. This court granted review "only as to the issues regarding the absence of a juvenile court decline hearing, including whether trial or appellate counsel was ineffective." Wash. State Supreme Court Order (Sept. 30, 2003).

## II

■ ■ Generally, upon collateral review, a petitioner may raise a new error of constitutional magnitude or a nonconstitutional error which constitutes a fundamental defect that inherently results in a miscarriage of justice. *In re Pers. Restraint of Lord*, 123 Wn.2d 296, 303, 868 P.2d 835 (1994). Where constitutional error or fundamental defect is alleged, the petitioner must show that he or she was actually and substantially prejudiced by the error. *Id.* If a

petitioner raises ineffective assistance of appellate counsel on collateral review, he or she must first show that the legal issue that appellate counsel failed to raise had merit. *In re Pers. Restraint of Maxfield*, 133 Wn.2d 332, 344, 945 P.2d 196 (1997). Second, the petitioner must show that he or she was actually prejudiced by appellate counsel's failure to raise the issue. *Id*.

This court must first address whether Dalluge's petition is procedurally barred. RCW 10.73.090. If the petition is not time barred then we must also determine the proper remedy for the trial court's failure to remand to juvenile court once the adult court lost automatic jurisdiction. Closely related to the question of the proper remedy for any trial court error, we must determine whether Dalluge's appellate counsel was ineffective when he failed to raise the adult court's lack of jurisdiction on direct appeal.

### Procedural Bar

This court limited review to "the issues regarding the absence of a juvenile court decline hearing, including whether trial or appellate counsel was ineffective." Order (Sept. 30, 2003). However, the Court of Appeals chief judge declined to address the timeliness of the petition and disposed of the petition on its merits. The State continues to argue that Dalluge's petition is time barred because he filed his personal restraint petition more than one year after the mandate was issued terminating the appeal *from his conviction*.[1]

RCW 10.73.090 provides that "[n]o petition or motion for collateral attack on a judgment and sentence in a criminal case may be filed more than one year after the judgment becomes final." RCW 10.73.090(1). However, the

---

[1] Dalluge has filed a motion to strike portions of the State's response to the petitioner's supplemental brief. The motion to strike is denied. Although Dalluge did not cover the procedural issue in his briefs, his motion to strike refers the court to his response to the State's motion for dismissal, filed at the Court of Appeals. His arguments there adequately address the issue such that no further briefing is needed.

RCW 10.73.090 time bar applies only if the judgment and sentence "[were] rendered by a court of competent jurisdiction." RCW 10.73.090(1). Dalluge contends that because the juvenile court had exclusive jurisdiction over his proceedings, the adult criminal court lacked competent jurisdiction in his case. The State seems to argue, for the first time at oral argument, that the adult criminal court did have jurisdiction in this case based on Dalluge's failure to object at trial to adult criminal court jurisdiction or request a remand to juvenile court after the information was amended.[2]

■ In *State v. Werner*, 129 Wn.2d 485, 487, 918 P.2d 916 (1996), this court specifically clarified the nature of juvenile court jurisdiction. Significantly, the juvenile court is a division of the superior court; it is not a separate court. *Id.* at 492. The *Werner* court recognized that there are " 'three jurisdictional elements in every valid judgment, namely, jurisdiction of the subject matter, jurisdiction of the person, and the power or authority to render the particular judgment.' " *Id.* at 493 (quoting *In re Marriage of Little*, 96 Wn.2d 183, 197, 634 P.2d 498 (1981)). The superior court has jurisdiction over the subject matter of juvenile offenses under article IV, section 6 of the Washington Constitution and RCW 2.08.010. Superior courts also have personal jurisdiction over juveniles who commit crimes in Washington. RCW 9A.04.030; *State v. Golden*, 112 Wn. App. 68, 74, 47 P.3d 587 (2002).

■ However, by statute, only the juvenile division of the superior court has the power to hear and determine certain juvenile matters. RCW 13.04.030(1) provides that juvenile divisions of the superior courts in Washington have "*exclusive* original jurisdiction over all proceedings . . . (e) [r]elating to juveniles alleged or found to have committed offenses, traffic or civil infractions, or [enumerated] violations," (em-

---

[2] Because we dispose of the procedural issue on jurisdictional grounds, we need not address the question, raised by the State, of whether the one-year clock began to run on the date that Dalluge's conviction became final or on the date that the final mandate was issued in his case.

phasis added) *unless* one of the exceptions in RCW 13.04.030(1)(e) applies. *Black's Law Dictionary* defines "exclusive jurisdiction" as "[a] court's power to adjudicate an action or class of actions to the exclusion of all other courts." BLACK'S LAW DICTIONARY 856 (7th ed. 1999). Thus, the plain language of RCW 13.04.030(1) requires juvenile court jurisdiction in certain cases.

■ Two of the statutory exceptions to the juvenile division's exclusive jurisdiction are relevant to this case. First, if "[t]he juvenile is sixteen or seventeen years old and the alleged offense is: (A) A serious violent offense as defined in RCW 9.94A.030," the adult criminal court shall have *"exclusive* original jurisdiction." RCW 13.04.030(1)(e)(v)(A) (emphasis added). Second, the juvenile court may conduct a decline hearing upon the request of a party or on its own motion. RCW 13.04.030(1)(e)(i); RCW 13.40.110. Key to this case is the provision that *unless waived by the juvenile court*, the parties, *and* their counsel, a decline hearing in juvenile court *must* be held if the respondent is 15, 16, or 17 years old and the information alleges a class A felony such as rape in the second degree, the amended charge in this case. RCW 13.40.110(1)(a); RCW 9A.44.050.[3] After the decline hearing, the juvenile court can waive its exclusive jurisdiction by "transfer[ring] jurisdiction of a particular juvenile to adult criminal court," RCW 13.04.030(1)(e)(i), "upon a finding that the declination would be in the best interest of the juvenile or the public." RCW 13.40.110(2).[4]

In *State v. Mora*, 138 Wn.2d 43, 49, 977 P.2d 564 (1999), this court recognized that the statutes contemplate only "automatic decline, based on the nature of the crime, or an actual decline hearing by the juvenile court." In *Mora*, as in this case, charges against the juvenile defendant originally subjected him to automatic adult criminal court jurisdic-

---

[3] The dissent seems to ignore this provision, which clearly requires waiver not only by the parties and their counsel but also by the juvenile court.

[4] Although the State asserts that parties can stipulate to adult court jurisdiction, it cites to no authority that suggests that parties may independently agree to adult court jurisdiction without approval from the juvenile court.

tion. *Id.* at 45. The prosecutor later amended the information, reducing the charge such that automatic decline of the juvenile court's jurisdiction no longer applied. *Id.* at 47. After a trial and guilty verdict in adult criminal court, defense counsel moved for arrest of judgment based on lack of jurisdiction of the adult criminal court. *Id.* The *Mora* court held that:

> With the exception of those offenses set forth in RCW 13.04.030, the Legislature intended that juvenile courts maintain not only exclusive original jurisdiction over all proceedings relating to juveniles, *but also discretionary authority to determine whether to transfer jurisdiction to adult court.*

*Id.* at 49. Therefore, the legislature intended the adult criminal court to have jurisdiction over a juvenile proceeding only by means of automatic decline based on the nature of the crime or as the result of an actual decline hearing where the juvenile court waives its own exclusive jurisdiction. *Id.* The juvenile court's decision to either maintain or decline its exclusive jurisdiction is a mandatory step absent automatic decline based on the nature of the crime.

Finally, Washington courts have held that under very limited circumstances, where a juvenile willfully deceives an adult criminal court into believing that he or she is an adult and does not correct the error, the defendant waives his or her right to proceed in juvenile court, and adult criminal court jurisdiction can be deemed proper on that basis alone. *Sheppard v. Rhay*, 73 Wn.2d 734, 739, 440 P.2d 422 (1968); *State v. Mendoza-Lopez*, 105 Wn. App. 382, 387-89, 19 P.3d 1123 (2001) (finding no waiver absent willful deception); *State v. Anderson*, 83 Wn. App. 515, 519-21, 922 P.2d 163 (1996) (finding no waiver where juvenile's correct age was revealed at trial); *Nelson v. Seattle Mun. Court*, 29 Wn. App. 7, 10, 627 P.2d 157 (1981). To hold otherwise would burden the adult criminal court with conducting an independent investigation as to a defendant's true age to avoid a situation where a deceptive juvenile could take his chances in adult court, but later seek to overturn an adult court conviction based on his minority.

*Sheppard*, 73 Wn.2d at 740.[5] Yet in both *Sheppard* and *Nelson*, the only cases in which waiver was found to have occurred, both juvenile petitioners underwent a posttrial hearing in superior court to determine whether adult criminal court jurisdiction had been proper. *Sheppard*, 73 Wn.2d at 735; *Nelson*, 29 Wn. App. at 10; *see also Dillenburg*, 70 Wn.2d 349. As explained in more detail below, such a hearing can serve as a substitute for the juvenile court's decline hearing requirement where necessary. *Dillenburg*, 70 Wn.2d at 355-56.[6] Therefore, even where Washington courts have found the juvenile waived his or her right to proceed in juvenile court, adult criminal court jurisdiction was not proper until either the juvenile court also waived its jurisdiction or the adult criminal court confirmed that the juvenile court would have waived its jurisdiction in that case.[7]

In sum, absent automatic decline by statute, actual decline by the juvenile court, or waiver based on deception that has been confirmed by a juvenile court or a substitute *Dillenburg* hearing in adult court, Washington courts have held that the adult criminal court lacks jurisdiction over a juvenile's proceeding. *Mora*, 138 Wn.2d at 53 (" 'the adult court determined the statutory criteria for its "exclusive original jurisdiction" . . . were not met, *the court would lack*

---

[5] It is important to note that subject matter jurisdiction cannot be waived, but personal jurisdiction can be waived. *Skagit Surveyors & Eng'rs, L.L.C. v. Friends of Skagit County*, 135 Wn.2d 542, 556, 958 P.2d 962 (1998). Jurisdictional requirements embodied in statutes can be waived, but waiver should be found only sparingly. *Lewis County v. W. Wash. Growth Mgmt. Hr'gs Bd.*, 113 Wn. App. 142, 155, 53 P.3d 44 (2002).

[6] As explained in more detail below, the *Dillenburg* court held that where adult criminal jurisdiction is deemed to have been improper, the appellate court can remand to the adult or juvenile court (depending upon the defendant's current age) to determine whether transfer to adult criminal court would have been proper in that case. *Dillenburg*, 70 Wn.2d at 355. Thus, an after-the-fact *Dillenburg* hearing in adult court can serve as a substitute for a decline hearing in juvenile court.

[7] More recently, two Court of Appeals cases have evaluated whether the juvenile waived the right to proceed in juvenile court without first remanding for a hearing. *See Mendoza-Lopez*, 105 Wn. App. at 387-89; *Anderson*, 83 Wn. App. at 519-21. In both cases, the Court of Appeals found no waiver, and this court has not yet spoken to the propriety of this practice.

*jurisdiction over the juvenile*, in the absence of a declination hearing' " (emphasis added) (quoting *In re Boot*, 130 Wn.2d 553, 565 n.7, 925 P.2d 964 (1996))); *id.* ("adult criminal court *lacks jurisdiction* if juvenile court improperly declined juvenile offender" (emphasis added) (citing *State v. Pritchard*, 79 Wn. App. 14, 20, 900 P.2d 560 (1995))). *See also Werner*, 129 Wn.2d at 494 (noting that, by statute, only the juvenile division had the power to hear and determine the case against the juvenile offender); *Mendoza-Lopez*, 105 Wn. App. at 386-87; *Anderson*, 83 Wn. App. at 518.

■ In this case, Dalluge was 17 years old when the prosecutor filed the amended information, after which Dalluge was no longer charged with a serious violent offense. Thus, the adult criminal court no longer had automatic jurisdiction over his proceedings. *See* RCW 13.04.030(1)(e)(v). Once the prosecutor amended the information to charge offenses which did not result in automatic adult court jurisdiction, Dalluge's case no longer qualified for that exception to the juvenile court's exclusive jurisdiction. Most importantly, because Dalluge was now charged with rape in the second degree, a class A felony, RCW 13.40.110(1)(a) affirmatively required a decline hearing *unless waived by the juvenile court*, the parties, and their counsel. Thus, the trial court should have remanded the matter to the juvenile court for a decline hearing because the juvenile court was the only court that could have jurisdiction over Dalluge's case. *Mora*, 138 Wn.2d at 54.

The State claims that the adult criminal court maintained jurisdiction over Dalluge, even after the information was amended, because Dalluge did not object to the adult criminal court's jurisdiction or request a hearing in juvenile court. The State argues that Dalluge waived his right to have his case decided in juvenile court by silence.[8] Yet this court has concluded that RCW 13.04.030(1)(e)'s decline

---

[8] There is no constitutional right to be tried in juvenile court. Though juveniles have a right to procedural due process, they do not necessarily have a right to a decline hearing in every case. Juveniles have a right to a decline hearing only when the statutes authorize the juvenile court to exercise discretion to determine juvenile or adult court jurisdiction. *State v. Salavea*, 151 Wn.2d 133, 140, 86 P.3d

hearing requirement can be waived only by way of intentional deception. *Sheppard*, 73 Wn.2d at 739; *see also Mendoza-Lopez*, 105 Wn. App. at 388-89; *Anderson*, 83 Wn. App. at 519; *Nelson*, 29 Wn. App. at 10. The State points to no other circumstances that have been deemed to amount to waiver.

Similarly, the dissent claims that *Mora* established that juvenile jurisdiction is waived if a juvenile does not present a timely objection to improper adult jurisdiction. First and foremost, nothing in the dissent effectively counters the plain language of RCW 13.40.110(1)(a), which affirmatively requires a decline hearing unless waived by the juvenile court. While the *Mora* court noted that "[o]ther Washington case law similarly holds that upon a timely challenge, [adult criminal court] jurisdiction may be terminated, even in the middle of proceedings," 138 Wn.2d at 53, *Mora* was not a case that directly addressed the issue of waiver. *Id.* at 54 n.8. In addition, the *Mora* court did not go so far as to hold that the juvenile court loses its legislatively granted authority to rule on declination when a juvenile fails to raise an objection to adult criminal court jurisdiction. In fact, the *Mora* court emphasized the juvenile court's essential role in declination: "With the exception of those offenses set forth in RCW 13.04.030, the Legislature intended that juvenile courts maintain not only exclusive original jurisdiction over all proceedings relating to juveniles, but also *discretionary authority to determine whether to transfer jurisdiction to adult court.*" *Id.* at 49 (emphasis added). We conclude that absent automatic decline based on the nature of the charges, this discretionary authority must be exercised, either by the juvenile court as the result of a decline hearing or by the adult criminal court in a substitute *Dillenburg* hearing. As noted above, this conclusion is not contradicted by *Sheppard*, in which this court acknowledged that a juvenile had waived his right to proceed in juvenile court by deception, but only after a court had

125 (2004). Our use of the term "right" in this context does not suggest that juveniles enjoy a constitutional right to be tried in juvenile court.

confirmed, in the context of a *Dillenburg* hearing, that adult criminal court jurisdiction was proper. In sum, the relevant statutory language and this court's case law do not allow waiver of juvenile jurisdiction absent either a decline hearing in juvenile court or a substitute *Dillenburg* hearing.

■ Therefore, the adult criminal court in this case erred when it failed to remand to the juvenile court for a decline hearing after the charges against Dalluge were amended. Absent the juvenile court's waiver of its exclusive jurisdiction, the adult criminal court did not have jurisdiction, i.e., it did not possess the power or authority to render a judgment in these proceedings. Because the judgment in this case was not "rendered by a court of competent jurisdiction," RCW 10.73.090(1), Dalluge's personal restraint petition is not procedurally barred, regardless of the timing of its filing.

### Remedy for the Trial Court's Failure to Remand

■ This court has clearly concluded that once a prosecutor amends an information to charge offenses that do not result in automatic adult court jurisdiction, the adult criminal court must remand the matter to the juvenile court for a decline hearing. *Mora*, 138 Wn.2d at 54. However, the parties disagree as to the appropriate remedy for the trial court's failure to remand for a decline hearing.

In *Dillenburg*, 70 Wn.2d at 333, the petitioner filed for a writ of habeas corpus in superior court, arguing he was improperly tried in adult court. This court initially concluded that the petitioner had been improperly transferred to adult court and reversed for a new trial. *Id*. at 345-46. However, upon reconsideration, the court concluded that where the petitioner has demonstrated that a transfer from juvenile court was faulty, the proper remedy is a de novo hearing in superior court on whether declination of juvenile jurisdiction would have been appropriate.[9] *Id*. at 355. If

---

[9] If the petitioner were still a juvenile, then the hearing would be held in the juvenile division of superior court. *Dillenburg*, 70 Wn.2d at 355-56.

declination would have been appropriate, then the conviction stands. *Id.* Otherwise, the conviction is set aside and a new trial must occur in adult criminal court if the defendant has since turned 18. *Id.* at 356. Subsequently, Washington courts have consistently applied this remedy when lack of adult criminal jurisdiction is successfully argued on appeal. *See Mendoza-Lopez*, 105 Wn. App. at 390; *Anderson*, 83 Wn. App. at 522.

The petitioner asserts that the *Dillenburg* remedy is no longer applicable, and the appropriate remedy is now outright dismissal, rather than remand for a *Dillenburg* hearing. Dalluge bases this argument on a post-*Dillenburg* case, in which the defendant claimed that the prosecution delayed filing charges until after his 18th birthday, resulting in a loss of juvenile court jurisdiction. *See State v. Dixon*, 114 Wn.2d 857, 860, 792 P.2d 137 (1990) The *Dixon* court adopted a three-part test for determining whether pre-accusatorial delay violated a defendant's right to due process where the result was a loss of juvenile jurisdiction, but the test is clearly inapplicable here since there is no claim of preaccusatorial delay. *See id.* Moreover, unlike the prosecutor in *Dixon*, the State in this case did not have any particularized duty to ensure that Dalluge's case was remanded after the amended information. *See, e.g., Mora*, 138 Wn.2d at 54 (containing no discussion of a prosecutorial duty to insist on remand). Therefore, *Dixon* is inapposite. Most fundamentally, *Dillenburg* has not been overruled, and Washington courts continue to implement its remedy.

The dissent asserts that a *Dillenburg* hearing is not required here, claiming that there is no authority for the proposition that an automatic decline that was valid when it occurred is retroactively invalid as the result of a subsequent amendment to the charging instrument. Dissent at 795. Yet *Mora* seems to be exactly that case, and in *Mora* we remanded for further proceedings. 138 Wn.2d at 54. Here, too, we remand for further proceedings, specifically a *Dillenburg* hearing, the proper remedy under Washington case law. We conclude that where the defendant has since

turned 18, the appropriate remedy for a trial court's failure to remand to juvenile court is remand to the adult criminal court for a de novo hearing on whether declination would have been appropriate. If declination would have been appropriate, then the conviction stands, but if not, the defendant is entitled to a new trial.

## Ineffective Assistance of Appellate Counsel

Dalluge's appellate counsel neglected to argue that the trial court had erred by failing to remand for a decline hearing once the amended information was filed. Because the appellate court would have been required to remand to superior court for a *Dillenburg* hearing, Dalluge argues that he suffered prejudice as a result.

The United States Supreme Court has recognized that a criminal defendant has a right to have effective assistance of counsel on his first appeal of right. *Evitts v. Lucey*, 469 U.S. 387, 396, 105 S. Ct. 830, 83 L. Ed. 2d 821 (1985). A criminal defendant's first opportunity to raise an ineffective assistance of appellate counsel claim is often on collateral review. *See, e.g., Maxfield*, 133 Wn.2d 332. This court has held that

> [i]n order to prevail on an appellate ineffective assistance of counsel claim, petitioners must show that the legal issue which appellate counsel failed to raise had merit and that they were actually prejudiced by the failure to raise or adequately raise the issue.

*Id.* at 344. Failure to raise all possible nonfrivolous issues on appeal is not ineffective assistance, and the exercise of independent judgment in deciding what issues may lead to success is the heart of the appellate attorney's role. *Lord*, 123 Wn.2d at 314. Yet if a petitioner can show that his appellate counsel failed to raise an issue with underlying merit, then the first prong of the ineffective assistance test is satisfied. *Maxfield*, 133 Wn.2d at 344.

In this case, it is important to note that *Mora*, 138 Wn.2d 43, was decided in June 1999, before the decision in

Dalluge's first appeal was filed in November 1999. *Dalluge*, 1999 WL 1079190, 1999 Wash. App. LEXIS 2011. *Mora* firmly established that after an amended charge destroys the automatic jurisdiction of adult criminal court, the case should be remanded to the juvenile court for a decline hearing. Had Dalluge's appellate counsel raised this argument, his case would have been remanded to the appropriate division of the superior court. Thus, Dalluge has established that his appellate counsel failed to raise a meritorious issue. *See Maxfield*, 133 Wn.2d at 344.

■ Under the second prong of the ineffective assistance of appellate counsel test, this court has required that the petitioner show that he was "actually prejudiced by the failure to raise or adequately raise the issue." *Id.*; *see also Lord*, 123 Wn.2d at 314. In *Smith v. Robbins*, 528 U.S. 259, 120 S. Ct. 746, 145 L. Ed. 2d 756 (2000), the United States Supreme Court reiterated that the proper standard for evaluating claims of ineffective assistance of appellate counsel derives from the standard set forth in *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984). *Smith*, 528 U.S. at 285. The Court held that Robbins was required to demonstrate prejudice, "[t]hat is, he must show a reasonable probability that, but for his counsel's unreasonable failure to file a merits brief, he would have prevailed *on his appeal*." *Id.* at 285-86 (emphasis added) (the Supreme Court's requirement that the defendant must show " 'a reasonable *probability* that, but for counsel's unprofessional errors, the result *of the proceeding* would have been different.' " (emphasis added) (quoting *Strickland*, 466 U.S. at 694). As noted above, had appellate counsel raised the issue of the trial court's failure to remand for a decline hearing, Dalluge would have been entitled to a de novo *Dillenburg* hearing. Therefore, we conclude that Dalluge was prejudiced by his appellate counsel's ineffective assistance.

Although generally the remedy for ineffective assistance of appellate counsel is reinstatement of the appeal and remand, *In re Personal Restraint of Frampton*, 45 Wn. App.

554, 563, 726 P.2d 486 (1986), Dalluge urges this court, in the interests of efficiency, to resolve the trial court error under the standard of review applicable upon direct appeal. *See id.* (recognizing resolution on the merits would be appropriate if the record were sufficient). Because no further information is needed, we conclude that the trial court indeed erred when it failed to remand for a decline hearing after the amended information was filed. Because Dalluge is now over 18, remedy for such error on direct appeal is remand to the adult criminal court for a de novo *Dillenburg* hearing. Because we remand to the superior court for a de novo *Dillenburg* hearing, we need not address the petitioner's remaining arguments.[10]

## III

### Conclusion

Dalluge's petition is not procedurally barred because the adult criminal court did not have jurisdiction over his case. We hold that the trial court erred in failing to remand for a decline hearing after the amended information destroyed its jurisdiction. Dalluge suffered prejudice resulting from ineffective assistance of appellate counsel because his appellate counsel failed to raise this lack of jurisdiction on direct appeal. The personal restraint petition is granted, the Court of Appeals is reversed, and this matter is re-

---

[10] Dalluge also claims ineffective assistance of trial counsel based on his attorney's failure to request remand to juvenile court after the amended information was filed. Even if trial counsel's performance was ineffective, a question which we do not decide, any error is remedied by our remand to superior court. If the superior court determines that the juvenile court would likely have declined jurisdiction, then Dalluge did not suffer actual prejudice resulting from trial counsel's performance. If the superior court instead determines that the juvenile court would have retained jurisdiction, then Dalluge will receive a new trial, the same remedy he would receive if he prevailed in his claim of ineffective assistance of trial counsel.

manded to superior court for a decline hearing consistent with the procedure set forth in *Dillenburg*.

ALEXANDER, C.J., and SANDERS, CHAMBERS, OWENS, and FAIRHURST, JJ., concur.

MADSEN, J. (dissenting) — Petitioner Amel Dalluge did not object to the superior court's exercise of authority over him in adult criminal proceedings following the State's amendment of the charges against him. Thus, although the amended information no longer alleged an offense encompassed by the automatic decline provisions of RCW 13-.04.030(1)(e)(v), Dalluge was properly tried in adult court because he waived his right to be treated as a juvenile. The majority's determination to the contrary is therefore incorrect as to both the substantive merits and the procedural bar of RCW 10.73.090. Moreover, the majority's conclusion that a *Dillenburg* hearing is necessary to comply with procedural due process requirements is not warranted by its analysis or the authority on which it cites. *Dillenburg v. Maxwell*, 70 Wn.2d 331, 413 P.2d 940, 422 P.2d 783 (1966). Accordingly, I dissent.

## ANALYSIS

The juvenile court is not a separate constitutional court, but rather a division of superior court. *State v. Werner*, 129 Wn.2d 485, 492, 918 P.2d 916 (1996). The legislature has vested the juvenile court with "exclusive original jurisdiction" over juvenile offenders, subject to certain exceptions. RCW 13.04.030(1). The court has observed that the legislature "chose to 'distribute and assign a phase of the business of the superior court' and 'prescribe the mode of procedure by which the superior court shall initiate, process and apply the remedies made available' for juveniles." *Werner*, 129 Wn.2d at 492-93 (quoting *Dillenburg*, 70 Wn.2d at 352-53). These comments, pertaining to predecessor statutes, are still applicable. *Id*. The court has also noted that when referring to juvenile court jurisdiction, "jurisdiction" is used

in a "limited sense." *Sheppard v. Rhay*, 73 Wn.2d 734, 736, 440 P.2d 422 (1968). It is not, for example, like "subject matter jurisdiction," which cannot be waived. Juvenile court jurisdiction can be waived. *E.g.*, *Sheppard*, 73 Wn.2d 734; *Nelson v. Seattle Mun. Court*, 29 Wn. App. 7, 627 P.2d 157 (1981).

Here, the issue is whether the adult court loses the authority to try a juvenile when he or she has been automatically subjected to adult criminal court jurisdiction because a serious violent offense has been charged, and the State thereafter amends the information to charge an offense within the juvenile court's jurisdiction. Nothing in the Basic Juvenile Court Act, chapter 13.04 RCW, prescribes that the adult criminal court loses jurisdiction in these circumstances.

The majority assumes, however, that the court held in *State v. Mora*, 138 Wn.2d 43, 977 P.2d 564 (1999) that the adult criminal court inevitably loses its authority to render a judgment once the information is amended to charge only offenses not subject to the automatic decline provisions. *Mora*, however, simply does not stand for this proposition. Instead, *Mora* clearly contemplates the necessity of a timely objection.

In *Mora*, a 17-year-old was originally charged in adult court based on the date of birth he had given. At arraignment, defense counsel objected to adult court jurisdiction on the basis that Mora was actually 17 years old. *Mora*, 138 Wn.2d at 46. On the day a hearing was scheduled to hear evidence on Mora's age, the prosecutor moved to amend the information to add a charge that subjected Mora to the automatic decline provisions of RCW 13.04.030(1)(e)(v). The court allowed the amendment. Later, the prosecutor filed a second amended information that reduced the charged offenses; as amended, the information did not charge any offense within the automatic decline provisions of RCW 13.04.030(1)(e)(v). *Mora*, 138 Wn.2d at 47. Mora was tried as an adult. After he was found guilty, his counsel moved for an arrest of judgment, challenging the adult trial

court's authority to render judgment. *Id.* The trial court denied the motion. *Id.*

This court reversed. The court found that the legislature intended that only certain crimes will trigger automatic decline, and that RCW 13.04.030(1)(e)(v) nowhere suggests legislative intent that the offender's juvenile status is forever lost based on a prosecutor's charging decision. *Mora*, 138 Wn.2d at 51-52. However, to obtain the adult court's reexamination of whether it has authority under RCW 13.04.030(1) and transfer of the case to the juvenile court, a timely challenge is required. *Mora*, 138 Wn.2d at 53. The court in *Mora* noted that "Washington case law . . . holds that upon a *timely challenge*, jurisdiction may be terminated, even in the middle of the proceedings, if the trial court lacks jurisdiction over the juvenile." *Mora*, 138 Wn.2d at 53. The court made it clear that the defendant's right to be tried as a juvenile is subject to waiver if the right is not invoked upon a timely challenge. *Mora*, 138 Wn.2d at 53, 54 n.8; *see also Sheppard*, 73 Wn.2d 734 (offender waived the right to be heard in juvenile court where he deliberately misrepresented his actual age, and his counsel did not raise the issue or reveal his age at trial); *Nelson*, 29 Wn. App. 7 (claim of the right to be treated as a juvenile waived where the offender deliberately misrepresented her age throughout the trial and challenged adult court jurisdiction only when faced with revocation of her probation).

Here, there was no timely objection to adult court jurisdiction, and Dalluge did not assert a right to be treated as a juvenile. Accordingly, Dalluge waived any challenge to the authority of the adult criminal court.

The majority maintains, however, that waiver can be found only in cases where the defendant has deliberately misrepresented his or her age. Majority at 781-82. However, in the only case where this court held that intentional misrepresentation of age constitutes waiver, the court never indicated that waiver cannot be found in other circumstances. *Sheppard*, 73 Wn.2d 734. The fact that waiver is found in age misrepresentation cases instead

demonstrates that the statutory right to be treated as a juvenile can be waived, and nothing in the statute itself limits the circumstances where waiver can occur. In addition, the court in *Sheppard* found waiver resulted from the defendant's own willful acts *and* from counsel's failure to raise the issue. *Sheppard*, 73 Wn.2d at 739. This suggests that failure to object to trial in adult court is a basis for finding waiver. Finally, as explained, *Mora* instructs that waiver can be found where there is no timely challenge.

The majority also concludes that waiver cannot be found unless the juvenile court itself also waives juvenile court jurisdiction. Majority at 780 n.3, 782-83. The majority is confusing use of the term in RCW 13.40.110(1), under which a decline hearing must be held unless all parties, their counsel, and the juvenile court waives the decline hearing, and the issue here, a juvenile's waiver through the failure to timely object to the adult court's continued jurisdiction following automatic decline. Here, juvenile court jurisdiction had already been declined as mandated by law, and there is no question of the juvenile court itself waiving a decline hearing. Nothing in the statute or the case law requires that the juvenile court must agree under RCW 13.40.110(1) to waiver in order for the juvenile to waive the right to a decline hearing through failure to timely object once the adult court has obtained jurisdiction under the automatic decline provisions, and the information is thereafter amended to charge a crime not coming within those decline provisions.

I would hold that Dalluge waived his right to be treated as a juvenile.

Next, in response to the State's argument that this personal restraint petition is procedurally barred by RCW 10.73.090, the majority concludes that Dalluge's judgment and sentence is invalid on its face, and therefore the time bar does not apply. As explained, however, the adult court did not lack jurisdiction. The question therefore remains whether the personal restraint petition is procedurally time barred, a question that is beyond this dissent. I note,

however, that the majority never explains why the absence of juvenile court jurisdiction, i.e., "jurisdiction" only in a "limited sense" and "jurisdiction" that can be waived, is the kind of jurisdictional defect that renders a judgment and sentence invalid on its face for purposes of RCW 10.73.090.

Finally, assuming the adult court lacked authority to try this case, the majority's choice of remedy is not justified by *Dillenburg*, 70 Wn.2d 331. In *Dillenburg* the petitioner was transferred to adult court following a decline decision made by a probation officer without a formal hearing. *Dillenburg*, 70 Wn.2d at 334-35. The petitioner pleaded guilty. Following his conviction, he filed a petition for a writ of habeas corpus claiming, among other things, that the order surrendering jurisdiction of the juvenile court was void because it was not signed by a judge of the superior court. *Dillenburg*, 70 Wn.2d at 333. This court relied on *Kent v. United States*, 383 U.S. 541, 86 S. Ct. 1045, 16 L. Ed. 2d 84 (1966), in which the United States Supreme Court held that procedural due process requires, before an offender may be transferred to adult court, that a judicial hearing be held to determine whether the juvenile court's jurisdiction should be declined. *Dillenburg*, 70 Wn.2d at 344-45 (quoting *Kent*, 383 U.S. at 552-54). The court in *Dillenburg* determined that the juvenile probation officer lacked authority to perform the function of a judge and held the transfer void because there was no valid declination hearing. *Dillenburg*, 70 Wn.2d at 342-45. On reconsideration, the court held that the due process requirement is satisfied by a de novo hearing to determine the propriety of the transfer to adult court. *Dillenburg*, 70 Wn.2d at 345. Thus, the requirement of a *Dillenburg* hearing is based on procedural due process requirements.

Here, however, there is no procedural due process defect such as occurred in *Dillenburg*. There was a valid declination before Dalluge was transferred to adult criminal court, albeit pursuant to the automatic declination provisions of RCW 13.04.030(1)(e)(v). The statutory automatic declination procedure does not violate a juvenile's procedural due

process rights. *In re Boot*, 130 Wn.2d 553, 570-71, 925 P.2d 964 (1996). For procedural due process purposes, there is no difference between a transfer following a declination hearing and a transfer as a result of the automatic declination statute. The majority presents no authority establishing any difference and no authority for the proposition that an automatic decline that was valid when it occurred is retroactively invalid as a result of a subsequent amendment to the charging instrument. Accordingly, the majority's result is not justified by its analysis.

## CONCLUSION

Dalluge is not entitled to relief because he waived his right to be treated as a juvenile by failing to make a timely objection to his trial in adult criminal court. His personal restraint petition should be dismissed.

I respectfully dissent.

JOHNSON and IRELAND, JJ., concur with MADSEN, J.