FILED
COURT OF APPEALS
DIVISION II

2013 DEC 17 AM 8: 48

STATE OF WASHINGTON
BY
DEPUTY

**IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON**

**DIVISION II**

| | |
|---|---|
| STATE OF WASHINGTON, | No. 43204-8-II |
| Appellant, | |
| v. | |
| CHRISTOPHER NELSON MAYNARD, | PART PUBLISHED OPINION |
| Respondent. | |

JOHANSON, A.C.J. — This case involves the loss of juvenile court jurisdiction. The State initially charged 17-year-old Christopher Nelson Maynard in juvenile court with six counts of malicious mischief. Although Maynard turned 18 while the case was pending, the juvenile court did not extend jurisdiction. Accordingly, the juvenile court dismissed, without prejudice, the charges for lack of jurisdiction. The State refiled the charges in adult criminal court. That court dismissed, with prejudice, the charges based on the State's preaccusatorial delay and ineffective assistance of defense counsel.

The State appeals, arguing that (1) the trial court erred by concluding that there was preaccusatorial delay, (2) dismissal is not the appropriate remedy for ineffective assistance of counsel, and (3) substantial evidence does not support several factual findings. In the published portion, we hold that ineffective assistance of counsel and not preaccusatorial delay caused the loss of juvenile court jurisdiction; we reverse because retrial, not dismissal, is the appropriate

remedy for a successful ineffective assistance claim. In the unpublished portion, we hold that substantial evidence supports the court's factual findings.

FACTS

Police arrested 17-year-old Maynard in August 2010, for painting graffiti on several businesses[1] and parks[2] in Woodland. The prosecutor's office received the police report in September 2010. The prosecutor asked the police for more information about the specific locations of painted property and requested photos in order to obtain probable cause to support a diversion referral. In November 2010[3], the prosecutor forwarded the police reports to the juvenile court probation department for consideration for diversion. On December 10, 2010[4], the juvenile court rejected Maynard's case for diversion. After reviewing the case again, the prosecutor determined that it needed more information to file charges and requested this information from police. Between January and June 2011, the State corresponded with police about restitution amounts owed to victims. The State charged Maynard with six counts of malicious mischief on July 7, 2011. Maynard was summoned to appear on July 12.

At Maynard's July 12 appearance, the juvenile court appointed counsel and scheduled an arraignment for the next week. On July 19, Maynard appeared and pleaded not guilty, and the court set pretrial for August 9, and trial for September 15. At Maynard's initial appearance and

---

[1] Woodland Auto Supply and Columbia Mega Storage (a U-haul location).

[2] Rolling Freedom Skate Park and a shed, both located in Horseshoe Lake Park and owned by the city of Woodland, and also Baseball fields of Woodland Little League.

[3] Finding of fact 8 states the year as 2011. This is a scrivener's error.

[4] Finding of fact 9 states the year as 2011. This is a scrivener's error.

arraignment, nobody mentioned that he would turn 18 on August 1. On July 25, the prosecutor sent an offer to Maynard's attorney recommending a deferred disposition. The offer was set to expire on August 9. Maynard told his attorney that he would accept a deferred disposition. After sending the offer, the prosecutor noticed that Maynard was about to turn 18. The prosecutor then e-mailed Maynard's attorney asking how she wanted to proceed, but Maynard's attorney did not respond. On August 1, Maynard turned 18 years old. At the pretrial hearing on August 9, the juvenile court dismissed, without prejudice, the charges for lack of jurisdiction.

The State filed an information with the same charges in superior court, and the court appointed Maynard a new attorney. Maynard moved to dismiss all charges, arguing negligent preaccusatorial delay and ineffective assistance of counsel. The trial court dismissed the charges, with prejudice, finding that the delay violated Maynard's due process rights and that defense counsel was ineffective. The State appeals.

## ANALYSIS

### I. PREACCUSATORIAL DELAY

The State argues that the trial court erred by dismissing Maynard's charges with prejudice due to preaccusatorial delay. We agree because preaccusatorial delay did not cause the loss of juvenile court jurisdiction.

We review de novo whether preaccusatorial delay violates a party's due process rights. *State v. Oppelt*, 172 Wn.2d 285, 290, 257 P.3d 653 (2011). To determine whether preaccusatorial delay violates a party's due process rights, courts apply a three-prong test: (1) the defendant must show actual prejudice from the delay; (2) if the defendant shows actual prejudice, the court must determine the reasons for the delay; and (3) the court must then weigh

the reasons and the prejudice to determine whether fundamental conceptions of justice would be violated by allowing prosecution. *Oppelt*, 172 Wn.2d at 295.

Although a defendant has no constitutional right to be tried in juvenile court, the loss of juvenile jurisdiction subjects a defendant to higher penalties and the loss of juvenile system benefits. *State v. Hodges*, 28 Wn. App. 902, 904, 626 P.2d 1025 (1981). Thus, a defendant has carried his burden of showing actual prejudice when a delay causes loss of juvenile court jurisdiction. *State v. Dixon*, 114 Wn.2d 857, 860-61, 792 P.2d 137 (1990).

But, as the State argues, all cases affirming dismissal for preaccusatorial delay involve the loss of juvenile court jurisdiction before the State filed charges, and here, the juvenile court did not lose jurisdiction until after the State filed charges. That is a significant difference. The concept of "preaccusatorial delay" means before the accusation, or, stated another way, delay before the charging. *See, e.g., State v. Calderon*, 102 Wn.2d 348, 353, 684 P.2d 1293 (1984) (Preaccusatorial delay *in bringing charges* may violate due process). Importantly, the *Oppelt* court derived the three-prong test we use to determine if a delay violates due process from *Calderon*. 172 Wn.2d at 289-90. Thus, under those cases, if the State files charges before juvenile jurisdiction expires and there is still an opportunity for the defendant to extend jurisdiction, then the *Oppelt* three-prong test is inapplicable. *See Oppelt*, 172 Wn.2d at 290; *Calderon*, 102 Wn.2d at 353.

Here, because the State filed charges 24 days before juvenile jurisdiction expired and Maynard had an opportunity to extend jurisdiction, the *Oppelt* test is inapplicable. The juvenile court lost jurisdiction because of defense counsel's failure to request a simple extension of juvenile court jurisdiction at Maynard's arraignment or any time before his 18th birthday. The

juvenile court did not lose jurisdiction because of the State's delay in filing the charges. While the trial court pointed out that everybody missed Maynard's birth date in the necessary rush to get through the juvenile docket, defense counsel maintained a duty to provide competent representation to Maynard and reasonably inform him about matters affecting his case. *See* RPC 1.1, 1.4. We do not require prosecutors to give special treatment to juvenile defendants and keep track of every juvenile's birthday. *Dixon*, 114 Wn.2d at 866. The first opportunity to extend jurisdiction was at Maynard's July 12 appearance, although it is uncertain whether defense counsel was present at that time. But, certainly his counsel was present on July 19, when Maynard appeared and pleaded not guilty, and during this time Maynard's attorney should have moved to extend juvenile court jurisdiction; but at no time while Maynard's case was pending did his attorney make that motion.

We reject the conclusion that preaccusatorial delay caused the loss of juvenile court jurisdiction when the State filed the charges 24 days before Maynard's 18th birthday. Additionally, we note that all cases cited by the parties involve instances in which the State did not file charges until after the defendant's 18th birthday, an important distinction here. Thus, because the juvenile court did not lose jurisdiction because of preaccusatorial delay, the trial court erred by dismissing Maynard's charges with prejudice.

## II. INEFFECTIVE ASSISTANCE OF COUNSEL

Next, the parties agree that defense counsel was ineffective, but they disagree whether the proper remedy is remand or dismissal with prejudice. We agree with the State that the proper remedy for a successful ineffective assistance of counsel claim is remand for a new trial.

Generally, the remedy for ineffective assistance of counsel is remand for a new trial. *See State v. Sutherby*, 165 Wn.2d 870, 888, 204 P.3d 916 (2009); *State v. Thomas*, 109 Wn.2d 222, 232, 743 P.2d 816 (1987); *State v. Powell*, 150 Wn. App. 139, 158, 206 P.3d 703 (2009). Similarly, where an adult trial court errs and a juvenile court has since lost jurisdiction, the remedy is to remand to the adult trial court for further proceedings. *See In re Pers. Restraint of Dalluge*, 152 Wn.2d 772, 786-87, 100 P.3d 279 (2004). In *Dalluge*, Dalluge challenged his superior court felony convictions, arguing that because he was 17 years old when the State charged him with crimes that did not automatically mandate adult court jurisdiction, the trial court erred by failing to remand to juvenile court for a decline hearing. 152 Wn.2d at 776-77. Our Supreme Court held that although the trial court erred by not remanding for a decline hearing, because Dalluge turned 18 and the juvenile court no longer had jurisdiction over him, the proper remedy was to remand to the adult trial court for further proceedings. *Dalluge*, 152 Wn.2d at 786-87.

Here, Maynard's attorney failed to move to extend jurisdiction before Maynard turned 18. Like *Dalluge*, because the juvenile court no longer has jurisdiction over Maynard, the proper remedy is to remand to the adult trial court for further proceedings. Therefore, we reverse and remand for proceedings consistent with this opinion.

A majority of the panel having determined that only the foregoing portion of this opinion will be printed in the Washington Appellate Reports and that the remainder shall be filed for public record in accordance with RCW 2.06.040, it is so ordered.

### III. SUBSTANTIAL EVIDENCE

Finally, the State argues that substantial evidence did not support many of the trial court's findings of fact.[5] We hold that substantial evidence supports the findings of fact, in all material respects, and where they are not supported, they do not materially affect a conclusion of law. Thus, reversal is not necessary on this ground.

We review findings of fact to determine whether substantial evidence supports them. *State v. Stevenson*, 128 Wn. App. 179, 193, 114 P.3d 699 (2005). Substantial evidence is evidence sufficient to persuade a fair-minded, rational person of the finding's truth. *Stevenson*, 128 Wn. App. at 193. Circumstantial evidence receives the same consideration as direct evidence. *State v. Delmarter*, 94 Wn.2d 634, 638, 618 P.2d 99 (1980). An erroneous finding of fact that does not materially affect a conclusion of law is not prejudicial and does not warrant reversal. *State v. Caldera*, 66 Wn. App. 548, 551, 832 P.2d 139 (1992).

The State argues that finding of fact 10 is erroneous because it indicates the prosecutor already had the information it continued to request from the police. Although the first August 26, 2010 police report did not contain all of the damage information for all of the victims, any error in finding of fact 10 is harmless because it does not materially affect the court's conclusion that there was preaccusatorial delay.

Finding of fact 10 states:

> Between December 10, 2011, and June 16, 2011, the prosecutor exchanged a number of e-mails with the Woodland Police [D]epartment, seeking "more information, specifically in regards to restitution amounts owed to the victims." The [S]tate made these repeated requests in spite of the fact that the

---

[5] Specifically, the State argues that substantial evidence does not support the following findings of fact: 7, 10, 11, 12, 13, 14, 15, 16, 19, 20, and 21.

police reports and the probable cause statements already provided contained a detailed statement of the damages each victim has sustained.

Clerk's Papers (CP) at 108 (citations omitted). The information filed in juvenile court lists four victims: the city of Woodland, Woodland Little League, Woodland Auto Supply, and Columbia Mega Storage (U-Haul). The police report lists restitution amounts for three of the victims: the city of Woodland, Woodland Little League, and Columbia Mega Storage (U-Haul). The State argues that it needed information on all of the victims before making a charging decision. But, the final police report filed in superior court on September 21, 2011, does not contain any estimates additional to those included in the initial police report. CP at 108 (FF 11); *compare* CP at 57 *with* CP at 9. Moreover, the trial court concluded that, even if the prosecutor could justify the delay, the prejudice to Maynard outweighed it. Thus, although the first probable cause statement and police reports did not contain estimates for all of the victims, the error in finding of fact 10 is not prejudicial because it does not materially affect the trial court's conclusion about preaccusatorial delay.

The State next assigns error to findings of fact 11 and 15 because they misstate the number of charges. Finding of fact 11 states that Maynard was charged with five counts of malicious mischief when he was actually charged with six counts of malicious mischief, and finding of fact 15 states that the State's recommendation of deferred disposition required Maynard to plead guilty to two of the charges when it actually required him to plead guilty to all of the charges. Those errors do not affect any of the trial court's conclusions of law; thus, they are harmless.

The State assigns error to finding of fact 12 because the finding states that Maynard was summoned 19 days before he turned 21 years old. That finding is in error because he was summoned 19 days before he turned 18 years old. But, that is a harmless scrivener's error. Other findings correctly state Maynard's age and birth date.

Next, the State assigns error to finding of fact 13 because it argues that there is not substantial evidence to show (1) what the normal procedure of the court is or (2) that none of the parties mentioned Maynard's age. We disagree. Finding of fact 13 states, in relevant part,

> Although the normal procedure during the first appearance would have been for the court to extend jurisdiction for an offender such as the defendant who was close to turning eighteen years of age, the court did not do so in this case. Neither the court, the prosecutor[, nor] the probation officer in charge of the case mentioned that the defendant would be eighteen years old within a few weeks.

CP at 108-09.

Substantial evidence supports the finding that the court's normal procedure is to extend jurisdiction at the defendant's first appearance. Maynard's juvenile court counsel testified that the normal procedure when a juvenile is nearing his 18th birthday is for the probation officer to move to extend jurisdiction at the juvenile's initial appearance. Although defense counsel was not present at Maynard's initial appearance, she had worked as either a prosecutor or defense counsel in juvenile court for over 10 years. Given her experience and testimony, substantial evidence supports the finding that the normal procedure is to move to extend jurisdiction at the initial appearance. Substantial evidence also supports the finding that no one mentioned Maynard's age at his initial appearance. As defense counsel testified, the probation officer would normally have moved to extend jurisdiction if he knew that Maynard's 18th birthday was

approaching, and he did not do so here. Additionally, the first mention in the record of Maynard's approaching birthday was the e-mail the prosecutor sent at the end of July 2011.

Similarly, the State argues that substantial evidence does not support findings of fact 14 and 20 because they require the court to speculate. Both findings state that the court could have entered an order extending jurisdiction and note that this would be the usual practice. As discussed above, substantial evidence shows that the juvenile court could have extended jurisdiction and that the usual practice was to do so when the juvenile's 18th birthday was approaching. Additionally, finding of fact 20 states that Maynard could have entered into a plea agreement with the State and obtained a deferred sentence. This is also supported by substantial evidence: the State sent Maynard an offer recommending a deferred disposition. Substantial evidence supports both findings.

The State next argues that there is not substantial evidence to support finding of fact 16 because defense counsel could not remember when she read the prosecutor's e-mail. Finding of fact 16 states, "The defendant's attorney did not read [the prosecutor's e-mail notifying her that Maynard was about to turn 18] until after the defendant's eighteenth birthday." CP at 109. Defense counsel testified that she could not remember when she received this e-mail, but she also testified that she did not know Maynard had turned 18 until he came into her office on August 3, two days after his birthday. If defense counsel had read the e-mail before Maynard's birthday, then she would have known he had turned 18 before he visited her on August 3. There is substantial evidence to support finding of fact 16.

Finally, the State assigns error to findings of fact 19 and 21 because they contain conclusions of law. We treat incorrectly labeled findings of fact as conclusions of law if they

No. 43204-8-II

resolve the ultimate issue. *In re Det. of M.K.*, 168 Wn. App. 621, 623 n.3, 279 P.3d 897 (2012). Finding of fact 19 states, "Juvenile court defense counsel's failure to note the defendant's age at arraignment and failure to then move to extend jurisdiction fell below the standard of a reasonably prudent attorney." CP at 110. Finding of fact 21 states, "Juvenile court defense counsel's failure to note the defendant's age at arraignment and failure to then move to extend jurisdiction caused prejudice to the defendant through (1) the loss of juvenile court jurisdiction, and (2) the loss of an opportunity to obtain a deferred sentence." CP at 110. The State is correct that these findings are actually legal conclusions. But, the State does not assign error to the conclusions; it merely argues that they are improperly labeled. None of the errors in the findings here require reversal.[6]

Johanson, A.C.J.

I concur:

Fearing, J.

---

[6] The State also argues that substantial evidence does not support finding of fact 7. But, the State does not provide any argument to support this claim. We do not consider unsupported assignments of error. RAP 10.3(a)(6); *State v. Goodman*, 150 Wn.2d 774, 782, 83 P.3d 410 (2004).

PENOYAR, J. (Dissent) — I write separately because it is clear from the record that the main cause for Christopher Maynard's loss of a chance to have his case resolved as a juvenile was unjustified pre-accusatorial delay. The trial court correctly applied the *Oppelt*[7] test and dismissed the case.

The State argues that all the cases affirming dismissal for pre-accusatorial delay involved situations where the juvenile court lost jurisdiction before the information was filed, and here, the juvenile court did not lose jurisdiction until after the information was filed. But it offers no reason why this should change the test from *Oppelt*. I conclude that the test is the same and the fact that the information was filed before Maynard turned 18 only goes to the issue of actual prejudice, which the trial court addressed in its conclusion of law 2.

While a defendant has no constitutional right to be tried in juvenile court, the loss of juvenile jurisdiction subjects a defendant to higher penalties and the loss of juvenile system benefits. *State v. Hodges*, 28 Wn. App. 902, 904, 626 P.2d 1025 (1981). Thus, our Supreme Court has held that a defendant has carried his burden of showing actual prejudice when a delay causes loss of juvenile court jurisdiction. *State v. Dixon*, 114 Wn.2d 857, 861, 792 P.2d 137 (1990).

Here, pre-accusatorial delay combined with other factors caused the loss of juvenile court jurisdiction. As the trial court pointed out "[e]verybody missed [Maynard's birth date] in the necessary rush to get through a day on the juvenile docket." 1 Report of Proceedings at 51. But, clearly, the delay in filing was largely responsible for the loss of jurisdiction, which occurred less than three weeks after Maynard's arraignment. Maynard had agreed to the State's

---

[7] *State v. Oppelt*, 172 Wn.2d 285, 257 P.3d 653 (2011).

recommendation, a fact that would have come out at the August 9 hearing. Resolution of the case would have followed soon thereafter. But the delay in filing meant there simply was not enough time for the mistake to be noticed and rectified.

Because Maynard can show prejudice, I now consider the reasons for the delay. The State argues that it needed additional information about the victims before charging Maynard. Therefore, it is necessary to weigh the prosecutor's need for more information and the prejudice to Maynard in losing his right to be tried in juvenile court.

Here, the prejudice to Maynard is considerable and the State's reason for delay is unjustified. The State had offered Maynard a deferred disposition, which he was willing to take. Instead, because of the State's delay, Maynard is now faced with a possible felony conviction in adult criminal court. Further, the State's reason for delay is not justified. The police included victim information in the report written on August 26, 2010. The State received this report on September 15, 2010, but did not charge Maynard until July 7, 2011. The State argues that it was waiting for more information from the police, but the probable cause statement filed in superior court on September 21, 2011, does not contain any additional victim information. The trial court did not err by dismissing Maynard's case for pre-accusatorial delay. I would not reach the issue of ineffective assistance of counsel and would affirm the trial court's dismissal.

Penoyar, J.