# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

In the Matter of the Personal Restraint of

KEITH RAYSHAWN GOMEZ,

Petitioner.

No. 57213-3-II

UNPUBLISHED OPINION

CRUSER, J.—Keith Rayshawn Gomez seeks relief from personal restraint imposed following his 1998 plea of guilty to second degree assault, third degree assault, and fourth degree assault. In 1997, the State charged Gomez with first degree murder and attempted first degree murder for crimes allegedly committed when he was 17 years old. Because the alleged crimes were "serious violent offenses" committed by a 17-year-old, jurisdiction was automatically placed with the adult criminal court rather than the juvenile court. Former RCW 13.04.030(1)(e)(v) (1997). As part of a plea agreement, the State amended its information to charge Gomez with second degree assault, third degree assault, and fourth degree assault. Those crimes are not "serious violent offenses" to which former RCW 13.04.030(1)(e)(v) applied, so the adult criminal court did not have automatic jurisdiction over them. The adult criminal court did not remand the amended information to juvenile court to conduct a declination hearing. The adult criminal court accepted Gomez's plea of guilty and entered a judgment and sentence.

Gomez now argues that the adult criminal court did not have jurisdiction to enter his judgment and sentence.[1] The State concedes that Gomez's petition is not time barred and that

---

[1] Gomez filed a motion to dismiss in the adult criminal court. That court transferred his motion to us under CrR 7.8(c) to be considered as a personal restraint petition. Gomez's objection to the transfer is overruled.

No. 57213-3-II

Gomez is entitled to a jurisdiction declination hearing under *In re Personal Restraint of Dalluge*, 152 Wn.2d 772, 787, 100 P.3d 279 (2004). We accept the State's concession, grant Gomez's petition, and remand to the adult criminal court to conduct a declination hearing under *Dalluge*. We deny Gomez's request for appointment of counsel.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

Cruser, J.

We concur:

Glasgow, C.J.

Veljacic, J.