[No. 43204-8-II.    Division Two.    December 17, 2013.]

THE STATE OF WASHINGTON, *Appellant*, v. CHRISTOPHER NELSON MAYNARD, *Respondent*.

414

*Susan I. Baur, Prosecuting Attorney*, and *Lacey L. Skalisky, Deputy*, for appellant.

*John A. Hays*, for respondent.

¶1 JOHANSON, A.C.J. — This case involves the loss of juvenile court jurisdiction. The State initially charged 17-year-old Christopher Nelson Maynard in juvenile court with six counts of malicious mischief. Although Maynard turned 18 while the case was pending, the juvenile court did not extend jurisdiction. Accordingly, the juvenile court dis-

missed, without prejudice, the charges for lack of jurisdiction. The State refiled the charges in adult criminal court. That court dismissed, with prejudice, the charges based on the State's preaccusatorial delay and ineffective assistance of defense counsel.

¶2 The State appeals, arguing that (1) the trial court erred by concluding that there was preaccusatorial delay, (2) dismissal is not the appropriate remedy for ineffective assistance of counsel, and (3) substantial evidence does not support several factual findings. In the published portion, we hold that ineffective assistance of counsel and not preaccusatorial delay caused the loss of juvenile court jurisdiction; we reverse because retrial, not dismissal, is the appropriate remedy for a successful ineffective assistance claim. In the unpublished portion, we hold that substantial evidence supports the court's factual findings.

## FACTS

¶3 Police arrested 17-year-old Maynard in August 2010 for painting graffiti on several businesses[1] and parks[2] in Woodland. The prosecutor's office received the police report in September 2010. The prosecutor asked the police for more information about the specific locations of painted property and requested photos in order to obtain probable cause to support a diversion referral. In November 2010,[3] the prosecutor forwarded the police reports to the juvenile court probation department for consideration for diversion. On December 10, 2010,[4] the juvenile court rejected Maynard's case for diversion. After reviewing the case again, the prosecutor determined that it needed more information to

---

[1] Woodland Auto Supply and Columbia Mega Storage (a U-Haul location).

[2] Rolling Freedom Skate Park and a shed, both located in Horseshoe Lake Park and owned by the city of Woodland, and also baseball fields of Woodland Little League.

[3] Finding of fact 8 states the year as 2011. This is a scrivener's error.

[4] Finding of fact 9 states the year as 2011. This is a scrivener's error.

file charges and requested this information from police. Between January and June 2011, the State corresponded with police about restitution amounts owed to victims. The State charged Maynard with six counts of malicious mischief on July 7, 2011. Maynard was summoned to appear on July 12.

¶4 At Maynard's July 12 appearance, the juvenile court appointed counsel and scheduled an arraignment for the next week. On July 19, Maynard appeared and pleaded not guilty and the court set pretrial for August 9 and trial for September 15. At Maynard's initial appearance and arraignment, nobody mentioned that he would turn 18 on August 1. On July 25, the prosecutor sent an offer to Maynard's attorney recommending a deferred disposition. The offer was set to expire on August 9. Maynard told his attorney that he would accept a deferred disposition. After sending the offer, the prosecutor noticed that Maynard was about to turn 18. The prosecutor then e-mailed Maynard's attorney, asking how she wanted to proceed, but Maynard's attorney did not respond. On August 1, Maynard turned 18 years old. At the pretrial hearing on August 9, the juvenile court dismissed, without prejudice, the charges for lack of jurisdiction.

¶5 The State filed an information with the same charges in superior court, and the court appointed Maynard a new attorney. Maynard moved to dismiss all charges, arguing negligent preaccusatorial delay and ineffective assistance of counsel. The trial court dismissed the charges with prejudice, finding that the delay violated Maynard's due process rights and that defense counsel was ineffective. The State appeals.

## ANALYSIS

### I. Preaccusatorial Delay

¶6 The State argues that the trial court erred by dismissing Maynard's charges with prejudice due to preaccusa-

torial delay. We agree because preaccusatorial delay did not cause the loss of juvenile court jurisdiction.

¶7 We review de novo whether preaccusatorial delay violates a party's due process rights. *State v. Oppelt*, 172 Wn.2d 285, 290, 257 P.3d 653 (2011). To determine whether preaccusatorial delay violates a party's due process rights, courts apply a three-pronged test: (1) the defendant must show actual prejudice from the delay, (2) if the defendant shows actual prejudice, the court must determine the reasons for the delay, and (3) the court must then weigh the reasons and the prejudice to determine whether fundamental conceptions of justice would be violated by allowing prosecution. *Oppelt*, 172 Wn.2d at 295.

¶8 Although a defendant has no constitutional right to be tried in juvenile court, the loss of juvenile jurisdiction subjects a defendant to higher penalties and the loss of juvenile system benefits. *State v. Hodges*, 28 Wn. App. 902, 904, 626 P.2d 1025 (1981). Thus, a defendant has carried his burden of showing actual prejudice when a delay causes loss of juvenile court jurisdiction. *State v. Dixon*, 114 Wn.2d 857, 860-61, 792 P.2d 137 (1990).

¶9 But, as the State argues, all cases affirming dismissal for preaccusatorial delay involve the loss of juvenile court jurisdiction before the State filed charges, and here, the juvenile court did not lose jurisdiction until after the State filed charges. That is a significant difference. The concept of "preaccusatorial delay" means before the accusation or, stated another way, delay before the charging. *See, e.g., State v. Calderon*, 102 Wn.2d 348, 353, 684 P.2d 1293 (1984) (preaccusatorial delay *in bringing charges* may violate due process). Importantly, the *Oppelt* court derived the three-pronged test we use to determine if a delay violates due process from *Calderon*. 172 Wn.2d at 289-90. Thus, under those cases, if the State files charges before juvenile jurisdiction expires and there is still an opportunity for the defendant to extend jurisdiction, then the *Oppelt* three-pronged test is inapplicable. *See Oppelt*, 172 Wn.2d at 290; *Calderon*, 102 Wn.2d at 353.

¶10 Here, because the State filed charges 24 days before juvenile jurisdiction expired and Maynard had an opportunity to extend jurisdiction, the *Oppelt* test is inapplicable. The juvenile court lost jurisdiction because of defense counsel's failure to request a simple extension of juvenile court jurisdiction at Maynard's arraignment or any time before his 18th birthday. The juvenile court did not lose jurisdiction because of the State's delay in filing the charges. While the trial court pointed out that everybody missed Maynard's birth date in the necessary rush to get through the juvenile docket, defense counsel maintained a duty to provide competent representation to Maynard and reasonably inform him about matters affecting his case. *See* RPC 1.1, 1.4. We do not require prosecutors to give special treatment to juvenile defendants and keep track of every juvenile's birthday. *Dixon*, 114 Wn.2d at 866. The first opportunity to extend jurisdiction was at Maynard's July 12 appearance, although it is uncertain whether defense counsel was present at that time. But, certainly his counsel was present on July 19, when Maynard appeared and pleaded not guilty, and during this time Maynard's attorney should have moved to extend juvenile court jurisdiction; but at no time while Maynard's case was pending did his attorney make that motion.

¶11 We reject the conclusion that preaccusatorial delay caused the loss of juvenile court jurisdiction when the State filed the charges 24 days before Maynard's 18th birthday. Additionally, we note that all cases cited by the parties involve instances in which the State did not file charges until after the defendant's 18th birthday, an important distinction here. Thus, because the juvenile court did not lose jurisdiction because of preaccusatorial delay, the trial court erred by dismissing Maynard's charges with prejudice.

## II. Ineffective Assistance of Counsel

¶12 Next, the parties agree that defense counsel was ineffective, but they disagree whether the proper remedy is

remand or dismissal with prejudice. We agree with the State that the proper remedy for a successful ineffective assistance of counsel claim is remand for a new trial.

¶13 Generally, the remedy for ineffective assistance of counsel is remand for a new trial. *See State v. Sutherby*, 165 Wn.2d 870, 888, 204 P.3d 916 (2009); *State v. Thomas*, 109 Wn.2d 222, 232, 743 P.2d 816 (1987); *State v. Powell*, 150 Wn. App. 139, 158, 206 P.3d 703 (2009). Similarly, where an adult trial court errs and a juvenile court has since lost jurisdiction, the remedy is to remand to the adult trial court for further proceedings. *See In re Pers. Restraint of Dalluge*, 152 Wn.2d 772, 786-87, 100 P.3d 279 (2004). In *Dalluge*, Dalluge challenged his superior court felony convictions, arguing that because he was 17 years old when the State charged him with crimes that did not automatically mandate adult court jurisdiction, the trial court erred by failing to remand to juvenile court for a decline hearing. 152 Wn.2d at 776-77. Our Supreme Court held that although the trial court erred by not remanding for a decline hearing, because Dalluge turned 18 and the juvenile court no longer had jurisdiction over him, the proper remedy was to remand to the adult trial court for further proceedings. *Dalluge*, 152 Wn.2d at 786-87.

¶14 Here, Maynard's attorney failed to move to extend jurisdiction before Maynard turned 18. Like *Dalluge*, because the juvenile court no longer has jurisdiction over Maynard, the proper remedy is to remand to the adult trial court for further proceedings. Therefore, we reverse and remand for proceedings consistent with this opinion.

¶15 A majority of the panel having determined that only the foregoing portion of this opinion will be printed in the Washington Appellate Reports and that the remainder shall be filed for public record in accordance with RCW 2.06.040, it is so ordered.

FEARING, J., concurs.

¶16 PENOYAR, J. (dissenting) — I write separately because it is clear from the record that the main cause for Christopher Maynard's loss of a chance to have his case resolved as a juvenile was unjustified preaccusatorial delay. The trial court correctly applied the *Oppelt*[5] test and dismissed the case.

¶17 The State argues that all the cases affirming dismissal for preaccusatorial delay involved situations where the juvenile court lost jurisdiction before the information was filed and, here, the juvenile court did not lose jurisdiction until after the information was filed. But it offers no reason why this should change the test from *Oppelt*. I conclude that the test is the same and the fact that the information was filed before Maynard turned 18 only goes to the issue of actual prejudice, which the trial court addressed in its conclusion of law 2.

¶18 While a defendant has no constitutional right to be tried in juvenile court, the loss of juvenile jurisdiction subjects a defendant to higher penalties and the loss of juvenile system benefits. *State v. Hodges*, 28 Wn. App. 902, 904, 626 P.2d 1025 (1981). Thus, our Supreme Court has held that a defendant has carried his burden of showing actual prejudice when a delay causes loss of juvenile court jurisdiction. *State v. Dixon*, 114 Wn.2d 857, 861, 792 P.2d 137 (1990).

¶19 Here, preaccusatorial delay combined with other factors caused the loss of juvenile court jurisdiction. As the trial court pointed out, "Everybody missed [Maynard's birth date] in the necessary rush to get through a day on the juvenile docket." 1 Report of Proceedings at 51. But, clearly, the delay in filing was largely responsible for the loss of jurisdiction, which occurred less than three weeks after Maynard's arraignment. Maynard had agreed to the State's recommendation, a fact that would have come out at the August 9 hearing. Resolution of the case would have fol-

---

[5] *State v. Oppelt*, 172 Wn.2d 285, 257 P.3d 653 (2011).

lowed soon thereafter. But the delay in filing meant there simply was not enough time for the mistake to be noticed and rectified.

¶20 Because Maynard can show prejudice, I now consider the reasons for the delay. The State argues that it needed additional information about the victims before charging Maynard. Therefore, it is necessary to weigh the prosecutor's need for more information and the prejudice to Maynard in losing his right to be tried in juvenile court.

¶21 Here, the prejudice to Maynard is considerable and the State's reason for delay is unjustified. The State had offered Maynard a deferred disposition, which he was willing to take. Instead, because of the State's delay, Maynard is now faced with a possible felony conviction in adult criminal court. Further, the State's reason for delay is not justified. The police included victim information in the report written on August 26, 2010. The State received this report on September 15, 2010, but did not charge Maynard until July 7, 2011. The State argues that it was waiting for more information from the police, but the probable cause statement filed in superior court on September 21, 2011, does not contain any additional victim information. The trial court did not err by dismissing Maynard's case for preaccusatorial delay. I would not reach the issue of ineffective assistance of counsel and would affirm the trial court's dismissal.

Review granted at 180 Wn.2d 1001 (2014).