
FILE
IN CLERKS OFFICE
SUPREME COURT, STATE OF WASHINGTON
DATE MAY 2 8 2015

CHIEF JUSTICE

This opinion was filed for record
at 8:00 Am on May 28, 2015

for Ronald R. Carpenter
Supreme Court Clerk

# IN THE SUPREME COURT OF THE STATE OF WASHINGTON

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | No. 89786-7 |
| Respondent, | ) | |
| v. | ) | En Banc |
| CHRISTOPHER NELSON MAYNARD, | ) | |
| Petitioner. | ) | Filed MAY 2 8 2015 |

MADSEN, C.J.—The State charged Christopher Nelson Maynard in juvenile court with six counts of malicious mischief. Less than one month later, he turned 18 years old. Maynard's counsel did not move for an order to extend the court's statutory jurisdiction as provided in RCW 13.40.300(1)(a) before Maynard turned 18. As a result, the juvenile court ruled that it had lost jurisdiction and dismissed the case without prejudice. The State then filed the case in superior court. Maynard moved to dismiss, arguing that preaccusatorial delay and ineffective assistance of counsel deprived him of the benefits of juvenile court jurisdiction, including the opportunity to accept a plea offer from the State. The trial court agreed and dismissed the case with prejudice.

On appeal, the Court of Appeals reversed, holding that ineffective assistance of counsel, not preaccusatorial delay, caused the loss of jurisdiction. We agree. The court, however, determined that remand to adult trial court for a new trial was the proper remedy. We vacate that order and, instead, direct the State to reoffer the plea proposal of deferred disposition and remand the case for further proceedings consistent with the Juvenile Justice Act of 1977 (JJA), chapter 13.40 RCW.

## FACTS

On August 18, 2010, Woodland City police officers arrested Maynard on suspicion of malicious mischief after he went to take photographs of a skate park that he had recently tagged with graffiti. Maynard gave a signed confession. He admitted that he had defaced several local properties with graffiti and also provided the names of other participants. Maynard had just turned 17 years old on August 1.

On September 14, the Woodland City police finished their investigation in the case and turned over their reports and supporting documents to the Cowlitz County Juvenile Court. These documents included a probable cause statement, which gave amounts for each victim's property damage along with Maynard's confession. The prosecutor assigned to the case requested more information from police. The prosecutor received the requested information on November 17, and turned the case over to the juvenile court for consideration of diversion. The juvenile court denied diversion on December 10.

On July 7, 2011, the prosecutor formally charged Maynard by filing an information in juvenile court. Maynard received a summons to appear in court on July 12—19 days before his 18th birthday. The prosecutor delayed filing in juvenile court in order to seek "'more information, specifically in regards to restitution amounts owed to the victims.'" Clerk's Papers (CP) at 108. On July 12, Maynard appeared in court and the court appointed him an attorney. The court scheduled arraignment for the following week.

On July 19, Maynard appeared for arraignment with his attorney and entered a plea of not guilty. Maynard's attorney did not notice that her client would soon turn 18, even though the information clearly stated her client's date of birth. She also did not ask her client about his birthday. Consequently, Maynard's attorney did not move at the arraignment to extend juvenile court jurisdiction, which the court must extend before the juvenile defendant turns 18 or else it loses authority to adjudicate the case. *See* RCW 13.40.300(1)(a).

On July 25, the prosecutor sent Maynard's attorney a plea proposal that included a recommendation of deferred disposition if Maynard pleaded guilty to two of the charges. The offer stated that it expired on August 9, and Maynard intended to accept the offer.

After the prosecutor sent the plea proposal, she noticed that Maynard would turn 18 on August 1, so she e-mailed Maynard's attorney and informed her about his impending birthday. Maynard's attorney, however, did not read this e-mail before he

turned 18. Without an extension of jurisdiction, the juvenile court lost authority over the case and dismissed the charges without prejudice.

The prosecutor then filed charges in Cowlitz County Superior Court. Maynard appeared with new representation. He moved to dismiss the charges with prejudice based on two arguments. First, he argued that negligent preaccusatorial delay violated his due process rights because the delay resulted in the loss of juvenile jurisdiction. Second, he argued that he received ineffective assistance of counsel because his attorney failed to extend juvenile court jurisdiction before he turned 18. The trial court dismissed the charges with prejudice, finding both arguments provided a separate and distinct basis to dismiss.

The Court of Appeals reversed in a partially published opinion. *State v. Maynard*, 178 Wn. App. 413, 418-19, 315 P.3d 545 (2013). The court held that ineffective assistance, not preaccusatorial delay, caused Maynard to lose the benefits of juvenile court jurisdiction. *Id*. As a remedy, the court concluded that remand for trial as an adult would adequately resolve the harm caused by counsel's ineffective assistance.

Maynard petitioned this court for discretionary review, which we granted. *State v. Maynard*, 180 Wn.2d 1001, 321 P.3d 1207 (2013).

## ANALYSIS

We review de novo whether preaccusatorial delay violated a defendant's right to due process and whether a defendant received ineffective assistance of counsel. *State v. Oppelt*, 172 Wn.2d 285, 290, 257 P.3d 653 (2011) (reviewing the issue of preaccusatorial

delay de novo); *State v. Sutherby*, 165 Wn.2d 870, 883, 204 P.3d 916 (2009) (reviewing ineffective assistance of counsel claim de novo).

Preaccusatorial Delay

The State argues that preaccustorial delay did not violate Maynard's right to due process because he had an opportunity to extend jurisdiction before he turned 18. We agree.

A court will dismiss a prosecution for preaccusatorial delay if the State's intentional or negligent delay violates a defendant's due process rights. *Oppelt*, 172 Wn.2d at 288-89. To determine if preaccusatorial delay violated a defendant's due process rights, we apply a three-pronged test: (1) the defendant must show he or she was actually prejudiced by the delay; (2) if the defendant shows actual prejudice, the court must determine the reasons for the delay; and (3) the court must weigh the reasons for delay and the prejudice to determine whether fundamental conceptions of justice would be violated by allowing the prosecution. *Id.* at 295.

Although a defendant has no constitutional right to be tried as a juvenile, we have recognized that juvenile court offers an offender important benefits. *See State v. Dixon*, 114 Wn.2d 857, 860, 792 P.2d 137 (1990). For example, an adjudication as a juvenile avoids the stigma of an adult criminal conviction. *Id.* It also provides less harsh penalties. *Id.* By statute, a juvenile defendant loses the benefits of the JJA if the court does not extend jurisdiction before the defendant turns 18. RCW 13.40.300(1)(a). We have therefore held that a defendant meets his or her burden to show actual prejudice

when the preaccusatorial delay *causes* the loss of juvenile jurisdiction. *State v. Salavea*, 151 Wn.2d 133, 139, 86 P.3d 125 (2004).

In this case, Maynard cannot meet the first prong—actual prejudice—because preaccusatorial delay did not cause the loss of juvenile jurisdiction. We agree with the Court of Appeals that preaccusatorial delay does not cause the loss of jurisdiction when the State files charges before juvenile jurisdiction expires and the defendant has an opportunity to extend it. *See Maynard*, 178 Wn. App. 413; *see also Oppelt*, 172 Wn.2d at 290. Maynard appeared for arraignment on July 19—12 days before he turned 18 years old on August 1. Maynard's attorney did not move to extend jurisdiction at that time or at any time before he turned 18, but she could have. This failure and the consequential loss of jurisdiction was not the result of the State's actions.

Ineffective Assistance of Counsel

To prove ineffective assistance of counsel, a defendant must show (1) that counsel's conduct fell below an objective standard of reasonableness; and (2) that this deficient conduct resulted in prejudice to the defendant—that there is a reasonable probability that, but for the deficient conduct, the outcome of the proceeding would be different. *State v. Reichenbach*, 153 Wn.2d 126, 130, 101 P.3d 80 (2004). Although courts strongly presume that defense counsel's conduct was not deficient, a defendant rebuts this presumption when no conceivable legitimate tactic exists to explain counsel's performance. *Id.*

Here, the conduct of Maynard's counsel fell below objective standards of reasonableness. She did not notice her client's impending birthday, even though the information clearly stated it. Consequently, she did not move to extend the juvenile court's jurisdiction before he turned 18, not because of a legitimate tactic but because of an absence of judgment. An attorney who represents a juvenile should promptly learn his or her client's birthday because the client may lose the benefits of juvenile prosecution if the attorney does not move to extend jurisdiction before the client turns 18.

Maynard also suffered prejudice because of counsel's deficient conduct: he lost the benefits of being prosecuted as a juvenile. If counsel had moved to extend jurisdiction, the juvenile court could have entered an appropriate order.

We now must determine the remedy for the harm caused by the ineffective assistance of counsel. The Court of Appeals erred when it concluded that a new trial in adult court would adequately remedy the harm in this case.[1] *Maynard*, 178 Wn. App. at 419. Without any remedy, Maynard already faces the prospect of trial as an adult

---

[1] The Court of Appeals relied on *In re Personal Restraint of Dalluge*, 152 Wn.2d 772, 100 P.3d 279 (2004), and concluded that it should remand to adult court for a new trial. *Maynard*, 178 Wn. App. at 419. But *Dalluge* does not control this case because Maynard did not request a new trial as a remedy. In *Dalluge*, the State charged a 17-year-old defendant with crimes that automatically granted exclusive jurisdiction to the adult criminal court. 152 Wn.2d at 776. Later, the State amended the charges, rendering the adult court's jurisdiction no longer mandatory but subject to the juvenile court declining jurisdiction. *Id.* at 776, 783. The trial court did not remand to juvenile court for a decline hearing as required. *Id.* at 776. Instead, the trial court proceeded to trial, where the jury convicted the defendant. *Id.* We held that the trial court erred by not remanding for a decline hearing. *Id.* at 789. As a remedy, the defendant was entitled to a hearing to determine if the juvenile court should have retained jurisdiction, and if so, the defendant requested a new trial in adult court. *Id.* at 786-87, 775. Apparently, the defendant felt a new trial would provide adequate relief. Here, Maynard does not ask for a new trial; he asks for dismissal, a remedy that we find unwarranted. We do, however, agree with Maynard that a new trial in adult court would not adequately resolve the harm.

because the juvenile court's statutory authority lapsed. To hold that his remedy is to be tried as an adult means, in effect, that he will receive no remedy at all. Maynard argues that our only option is to dismiss his case with prejudice, but we can fashion an appropriate remedy short of dismissal.

When confronting deprivations under the Sixth Amendment to the United States Constitution, "remedies should be tailored to the injury suffered from the constitutional violation and should not unnecessarily infringe on competing interests." *United States v. Morrison*, 449 U.S. 361, 364, 101 S. Ct. 665, 66 L. Ed. 2d 564 (1981). In the plea bargain context, when ineffective assistance of counsel causes a plea offer to lapse, an appropriate remedy could require the prosecutor to reoffer the plea. *See Lafler v. Cooper*, ___ U.S. ___, 132 S. Ct. 1376, 1389, 182 L. Ed. 2d 398 (2012). In *Frye*, the State charged the defendant with driving with a revoked license and offered the defense attorney two plea offers, stating that both offers would expire on a specified date. *Missouri v. Frye*, ___ U.S. ___, 132 S. Ct. 1399, 1404, 182 L. Ed. 2d 379 (2012). The attorney failed to advise the defendant of the offers, and the offers expired. *Id*. Counsel's failure to communicate the offers constituted ineffective assistance of counsel. *Id*. In a companion case, the Court stated that the appropriate remedy may require the prosecutor to reoffer the lapsed plea proposal. *See id.*; *Lafler*, 132 S. Ct. at 1389. That remedy, the Court observed, would place the defendant in the same position he was in before he was deprived, through the ineffective assistance of counsel, of the opportunity to accept the State's proposal. *See Lafler*, 132 S. Ct. at 1389. A similar remedy for the

deprivation in this case must place Maynard in the same position he was in before the violation of his right to effective representation.

A juvenile defendant has the statutory right to be prosecuted under the provisions of the JJA if the State files charges before the defendant turns 18, subject to limited exceptions.[2] *See* RCW 13.04.030; RCW 13.40.300. Title 13 RCW states that the juvenile court has "exclusive original jurisdiction" over cases that involve juvenile defendants. RCW 13.04.030. But used in this context, the word "jurisdiction" is more properly understood as authority. Jurisdictionally, juvenile courts and superior courts are not separate and distinct; juvenile courts exist as a division of the superior court. *State v. Posey*, 174 Wn.2d 131, 141, 272 P.3d 840 (2012) (*Posey* II); RCW 13.04.021. Properly understood, then, Title 13 RCW entitles a juvenile to the protections of the JJA, requires the juvenile division of the superior court to apply the JJA, with some exceptions, to a juvenile defendant, and authorizes the court to extend the act beyond a defendant's 18th birthday for a variety of explicit reasons. *See Posey* II, 174 Wn.2d at 141; RCW 13.40.300. The only absolute prohibition we see to applying the JJA is when the defendant allegedly committed the crime after the age of 18. RCW 13.40.300(4). Under the circumstances of this case, we see no prohibition to extending the trial court's authority to apply provisions of the JJA as a remedy for the violation of a juvenile's right to effective assistance of counsel.

---

[2] For example, the juvenile court lacks authority over a juvenile charged with a serious violent offense if the juvenile was 16 or 17 years old on the date of the alleged offense. *See* RCW 13.04.030(1)(v)(A).

Our decision in *Posey* II provides guidance. There we upheld the trial court's application of the JJA to an adult improperly denied juvenile jurisdiction. *Posey* II, 174 Wn.2d at 133. The State charged 16-year-old Posey with three counts of second degree rape and one count of first degree assault. *Id.* By statute, the charge of first degree assault required the juvenile court to automatically decline juvenile jurisdiction, and the case proceeded to trial in superior court. *Id.* at 134. The jury convicted Posey of two counts of second degree rape but acquitted Posey on the count of first degree assault—the charge that automatically transferred the case from juvenile court to superior court. *Id.* The trial judge then sentenced Posey under adult sentencing guidelines. *Id.* We affirmed the convictions but held that the trial judge should have remanded the case to juvenile court for a declination hearing and possible sentencing, presuming the juvenile court would not decline jurisdiction. *See State v. Posey*, 161 Wn.2d 638, 647, 167 P.3d 560 (2007). The mandate for our opinion issued less than a month after Posey turned 21. *Posey* II, 174 Wn.2d at 134. On remand, Posey argued that the juvenile court lacked jurisdiction to sentence him because he was 21 years old and the trial judge agreed. *Id.* The trial judge, however, acting as a superior court judge, sentenced Posey within the standard juvenile sentencing range. *Id.* at 135. We affirmed the trial court's sentence. *Id.* at 142.

Similarly, to remedy the harm caused by the ineffective assistance of counsel in this case, we remand for further proceedings in accordance with the JJA. We also direct the State to reoffer the plea proposal of deferred disposition. This remedy will put

Maynard in the same position he was in before the statutory time to extend juvenile court jurisdiction elapsed. As in *Posey* II, if Maynard is convicted, the trial court may still impose a juvenile sentence. *See id.*

## CONCLUSION

Preaccusatorial delay did not cause the loss of juvenile jurisdiction under RCW 13.40.300. The State filed charges before Christopher Maynard's 18th birthday, and he had an opportunity to extend jurisdiction. Therefore, the State did not violate Maynard's right to due process. Instead, the violation of Maynard's Sixth Amendment right to effective assistance of counsel caused Maynard to lose the benefits of being prosecuted as a juvenile. If defense counsel had recognized her client's impending 18th birthday, as an attorney representing a child in juvenile court should, she could have properly moved to extend jurisdiction pursuant to the statute.

To remedy the harm caused by the ineffective assistance of counsel, we remand for further proceedings in accordance with the JJA. We also direct the State to reoffer the plea proposal of deferred disposition that lapsed after the juvenile court lost statutory authority.

No. 89786-7

_Madsen, C.J._

WE CONCUR:

_Fairhurst, J._

_Wiggins, J._

_Gordon McCloud, J._

No. 89786-7

OWENS, J. (dissenting) — Eleven months after Christopher Maynard was arrested on suspicion of malicious mischief, the State charged him in juvenile court. Though the stated reason for the delay in bringing charges was to gather more information on the case, the prosecutor relied entirely on the probable cause statement prepared at the time of the arrest when filing charges. Twenty days after he first appeared in juvenile court, Maynard turned 18. No party mentioned his impending birthday to the court, nor did any party move to extend juvenile jurisdiction before he turned 18. As a result, Maynard lost the benefit of having his case adjudicated in juvenile court.[1] The majority places full responsibility for the loss of juvenile

---

[1] The majority concludes that courts can reinstate juvenile jurisdiction after a defendant has turned 18. This is contrary to RCW 13.40.300(1)(a), which states that a juvenile court may retain jurisdiction over a defendant past his or her 18th birthday "*only if* prior to the juvenile's eighteenth birthday . . . the court by written order setting forth its reasons extends jurisdiction of juvenile court over the juvenile beyond his or her eighteenth birthday." (Emphasis added.) As the majority suggests no reason why this statute would not apply, I must respectfully dissent to that holding as well.

jurisdiction on Maynard's defense attorney and fails to acknowledge that the prosecutor's lengthy and—on this record—unjustified delays significantly contributed to the loss of juvenile jurisdiction. The trial court correctly recognized that the prosecutor shares responsibility for Maynard's loss, and I would affirm that ruling. Therefore, I respectfully dissent.

## ANALYSIS

There is a "fundamental difference between juvenile courts and adult courts—unlike wholly punitive adult courts, juvenile courts remain[] rehabilitative." *State v. Saenz*, 175 Wn.2d 167, 173, 283 P.3d 1094 (2012). Prosecutors and defense attorneys both bear a duty to ensure that criminal offenders are not unfairly denied juvenile court jurisdiction. Prosecutors must not engage in intentional or negligent delay when deciding when to charge an offender. *See State v. Norby*, 122 Wn.2d 258, 262-63, 858 P.2d 210 (1993) (citing *United States v. Lovasco*, 431 U.S. 783, 97 S. Ct. 2044, 52 L. Ed. 2d 752 (1977)). Inexcusable delay that results in the loss of juvenile court jurisdiction can violate a defendant's due process rights. *State v. Dixon*, 114 Wn.2d 857, 865-66, 792 P.2d 137 (1990). And defense attorneys have a constitutional duty to provide their clients effective assistance of counsel. *State v. Thomas*, 109 Wn.2d 222, 225, 743 P.2d 816 (1987). An attorney who fails to move for extended juvenile court jurisdiction before a defendant's 18th birthday may well violate a defendant's right to effective assistance of counsel.

2

The right to counsel—including the right to effective assistance of counsel—exists "to assure fairness in the adversary criminal process." *United States v. Morrison*, 449 U.S. 361, 364, 101 S. Ct. 665, 66 L. Ed. 2d 564 (1981). In *Morrison*, the United States Supreme Court recognized that conduct on behalf of the government can have a negative effect on counsel's ability to provide effective assistance.[2] *Id.* It noted that courts have "been responsive to proved claims that governmental conduct has rendered counsel's assistance to the defendant ineffective." *Id.* The Court opined that "[c]ases involving Sixth Amendment [to the United States Constitution] deprivations are subject to the general rule that remedies should be tailored to the injury suffered from the constitutional violation and should not unnecessarily infringe on competing interests." *Id.*

In this case, the prosecutor interfered with counsel's effective assistance by unnecessarily delaying the prosecution at every opportunity. First, after the prosecutor requested more information from the police to prepare for diversion consideration, the prosecutor delayed one month after receiving the requested information before turning the case over for diversion. Next, the prosecutor delayed for seven months after diversion was denied, again asking the police for more

---

[2] The defendant in *Morrison* was improperly contacted by federal agents after she was indicted on several drug charges. 449 U.S. at 362. The agents spoke to her alone and made comments that potentially interfered with her representation. *Id.* The Court ultimately dismissed the claim for lack of prejudice. *Id.* at 366-67.

information. Then the prosecutor delayed for over three weeks after the prosecutor prepared the charging documents before filing them 24 days before Maynard turned 18. None of these delays have been satisfactorily explained. These delays significantly contributed to the loss of juvenile jurisdiction, as they gave court-appointed defense counsel little time to notice the impending birthday and move to extend juvenile jurisdiction. Together, these failings violated Maynard's constitutional rights.

The majority asserts that the prosecutor bears no responsibility for the loss of juvenile jurisdiction because he filed charges before juvenile jurisdiction expired and thus Maynard had a (brief) chance to extend it. But as I explained above, prosecutors do not have unfettered discretion to delay filing charges, even if they ultimately file charges before the statutory deadline. *State v. Oppelt*, 172 Wn.2d 285, 288-89, 257 P.3d 653 (2011). Instead, we ask whether the delay "'violate[d] those fundamental conceptions of justice which lie at the base of our civil and political institutions, and which define the community's sense of fair play and decency,'" which requires the court to make a qualitative assessment of the reasons for and effects of the delay. *Id.* at 289 (internal quotation marks omitted) (quoting *Lovasco*, 431 U.S. at 790). We do not know the reasons, but we know the effects: the prosecutor's lengthy and repeated delays significantly contributed to the loss of Maynard's juvenile jurisdiction.

4

I do not mean to excuse defense counsel's performance in this case. Defense counsel's actions fell below an objective standard of reasonableness and prejudiced Maynard's ability to receive fair treatment in the criminal justice process. *See State v. McFarland*, 127 Wn.2d 322, 334-35, 899 P.2d 1251 (1995) (describing the analysis for claims of ineffective assistance of counsel (citing *Strickland v. Washington*, 466 U.S. 668, 687, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984))).

## CONCLUSION

I am mindful of the competing interest in this case—i.e., the State's interest in enforcing its criminal laws. But the State effectively waived that interest by delaying prosecution for 11 months. The fundamental conceptions of justice would be violated by allowing the prosecution to proceed. *See Oppelt*, 172 Wn.2d at 287, 289-90 (describing the "core question" that must be answered when analyzing claims of preaccusatorial delay). I would hold that the combined effect of both unjustified preaccusatorial delay and ineffective assistance of counsel in this case denied Maynard fair treatment in the adversary criminal process in violation of his constitutional rights. The only meaningful remedy is to dismiss.

I respectfully dissent.

6