# IN THE COURT OF APPEALS FOR THE STATE OF WASHINGTON

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | No. 75239-1-I |
| Respondent, | ) ) ) | DIVISION ONE |
| v. | ) ) | |
| JAMES CURTIS ROWLEY, | ) ) | UNPUBLISHED OPINION |
| Appellant. | ) | FILED: July 25, 2016 |

SPEARMAN, J. — James Rowley appeals his conviction for child molestation in the first degree. He argues that the trial court, on retrial, erred in denying his motion to exclude child hearsay statements and adopting the prior court's evidentiary ruling. He also argues that he was denied effective assistance of counsel because his attorney failed to raise an ER 403 objection to the hearsay statements and to other evidence introduced at trial. Finding no error, we affirm.

## FACTS

This appeal follows Rowley's second trial, which, in turn, follows our reversal of his 2008 conviction for first degree child molestation. In re Personal Restraint of Rowley, noted at 179 Wn. App. 1055, 2014 WL 954256. Rowley filed a personal restraint petition, arguing that his appellate counsel was ineffective for failing to raise his public trial rights on appeal. Id. We found that he was entitled

to collateral relief and remanded for a new trial. Id. Following a second trial, the jury convicted Rowley of child molestation in the first degree.

The charges against Rowley arose from an incident in 2008. The victim, A.K.R., was nine years old at the time of the incident. Immediately after the incident occurred, A.K.R. told her parents and her grandmother what had happened. She also made statements to investigators and other witnesses.

Before Rowley's first trial, the trial court held a child hearsay hearing and determined that A.K.R.'s hearsay statements were admissible because they complied with RCW 9A.44.120. Neither Rowley's direct appeal nor personal restraint petition challenged this ruling. On remand, Rowley objected to the admission of a videotaped interview of A.K.R. by Detective Shellee Stratton. Rowley's counsel requested a new child hearsay hearing. The court viewed the video and heard argument on its admissibility. The trial court declined to hold a new hearing, concluding that "having another hearing is somewhat of a moot point because the child is no longer a child and we have the actual ... hearing done back in 2008." Verbatim Report of Proceedings (VRP) at 250.

Rowley's mother, Kay Stewart, also testified at trial. On cross-examination she stated that "I love my son. I don't like what he does, you know, but I also love my grandchildren." VRP at 180. The jury found Rowley guilty of child molestation in the first degree. He was again sentenced to life without the possibility of early release. He appeals.

DISCUSSION

Rowley first argues that the trial court erred by admitting A.K.R.'s videotaped interview. He contends that because his case was remanded for a new trial, the trial court was required to hold a new hearing on the admissibility of the video. According to him, the trial court was to "start with a clean slate" and provide a "new trial" that was not a "second trial with remnants from the first trial."[1] Br. of Appellant at 10-11. The State points out that the order for a new trial was because Rowley received ineffective assistance from his appellate counsel, who failed to raise the public trial issue on direct appeal. The State argues that because the propriety of the trial court's ruling admitting the video was neither challenged nor addressed during appellate review, the court was not required to hold a new hearing on the issue. We agree with the State.

State v. Mannhalt, 68 Wn. App. 757, 845 P.2d 1023 (1992) is instructive. In that case, Mannhalt was convicted of several felony offenses. After his direct appeals were unsuccessful, Mannhalt sought relief in federal court, which granted him a writ of habeas corpus, solely on the ground that a state's witness in the trial accused Mannhalt's attorney of crimes related to those alleged against Mannhalt. On remand, the trial court denied Mannhalt's request to relitigate a motion to suppress physical evidence that had been denied at his first trial. The court stated:

---

[1]Rowley argues that all rulings from the first trial should be vacated because the conviction was reversed for ineffective assistance by both trial and appellate counsel. This is not correct. Rowley did not raise any issues with trial counsel's performance in his personal restraint petition and this court found appellate counsel only had rendered ineffective assistance.

> I simply see no point in relitigation of the thing. If I felt it was incompetently done or something like that, I would grant it, but I think we would be simply going through an exercise without any particular point to it.

Id. at 762. The court concluded that the prior ruling "was res judicata as to the second trial." Id. at 760.

After the second trial, Mannhalt was again convicted. On appeal, he argued among other things, the trial court's refusal to hold a new suppression hearing. He contended, as Rowley does here, that "a federal writ of habeas corpus nullifies the conviction and the entire trial, requiring a de novo relitigation of all the issues in the case." Id. at 763. Also like Rowley, Mannhalt "offer[ed] no cases directly supporting this proposition, and we have found none." Id. Accordingly, the court looked to the federal court order itself to determine the intended effect of the habeas corpus writ on the original suppression hearing and found no indication that relitigation of the suppression issue was warranted.

Similarly, in this case we look to the opinion of this court which granted Rowley relief pursuant to his personal restraint petition. There, Rowley alleged only that "his appellate counsel was ineffective for failing to raise the public trial issue on direct appeal." Rowley, 2014 WL 954256 at *1. We found the claim had merit and remanded for a new trial. We find no indication in our ruling that other matters occurring at the trial were erroneously decided or incompetently done. We conclude that the trial court did not err in refusing to relitigate the admissibility of the videotape of A.K.R.'s interview.

4

Rowley next argues that his counsel's performance in his second trial was deficient based on the failure to raise an ER 403 objection to the child hearsay evidence. He also argues that he received ineffective assistance because his attorney failed to challenge the admission of his mother's testimony that "impl[ied] he was a repeat child molester." Br. of Appellant at 18.

Ineffective assistance of counsel is a fact-based determination and we review the entire record in determining whether a defendant received effective representation at trial. State v. Carson, 184 Wn.2d 207, 216, 357 P.3d 1064 (2015) (citing State v. Reichenbach, 153 Wn.2d 126, 130, 101 P.3d 80 (2004)). In order to prove ineffective assistance, a defendant must show (1) that counsel's conduct fell below an objective standard of reasonableness; and (2) that this deficient conduct resulted in prejudice to the defendant – that there is a reasonable probability that, but for the deficient conduct, the outcome of the proceeding would be different. State v. Maynard, 183 Wn.2d 253, 260, 351 P.3d 159 (2015). Courts engage in a strong presumption that counsel's representation was effective. State v. McFarland, 127 Wn.2d 322, 335, 899 P.2d 1251 (1995)

Where the claim is based on a failure to challenge the admission of evidence, the defendant must show (1) an absence of legitimate strategic or tactical reasons supporting the challenged conduct; (2) that an objection to the evidence would likely have been sustained; and (3) that the result of the trial would have been different had the evidence not been admitted. McFarland, 127 Wn.2d at 336; State v. Hendrickson, 129 Wn.2d 61, 77-78, 917 P.2d 563 (1996).

Here, Rowley argues that there was no strategic reason to decline to object to that admission of either his mother's testimony or the child hearsay statements. He also argues that an ER 403 objection would have been sustained in both instances, and that the outcome of the trial would have been different without the inclusion of such prejudicial evidence. But he provides no factual or legal basis for these contentions. Without more, Rowley has failed to satisfy his burden of showing deficient performance or actual prejudice that would support a finding of ineffective assistance of counsel.

Affirmed.

WE CONCUR:

Spearman, J.

Leach, J.

Dwyer, J.