IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION ONE

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | No. 77059-4-I |
| | ) | |
| Respondent, | ) | |
| | ) | |
| v. | ) | |
| | ) | UNPUBLISHED OPINION |
| D'MARCO LA'CALVIN MOBLEY, | ) | |
| | ) | FILED: February 25, 2019 |
| Appellant. | ) | |
| | ) | |

VERELLEN, J. — The State must honor the language and spirit of its plea agreements. Because the State argued strongly for a higher sentence than agreed to by the parties and made the agreed-upon recommendation only in passing, the State breached its plea agreement with D'Marco Mobley.

The parties agree that in light of State v. Ramirez,[1] a court must strike the DNA[2] collection fee imposed as part of Mobley's judgment and sentence. We concur.

Therefore, we reverse and remand for resentencing.

---

[1] 191 Wn.2d 732, 426 P.3d 714 (2018).

[2] Deoxyribonucleic acid.

FACTS

On January 31, 2012, the State charged Mobley on eight criminal counts, including two counts of rape, promoting commercial sexual abuse of a minor, kidnapping, robbery, promoting prostitution, and unlawful possession of a firearm. Before trial, the State offered Mobley a plea agreement. Mobley would plead guilty to fewer and lesser charges, and the State would recommend a sentence of 210 months. Mobley rejected the agreement because his original trial counsel "failed to do any basic legal research" about the relevant sentencing guidelines and misinformed him about his potential prison time if convicted.[3] A jury convicted Mobley on all eight counts, and he was sentenced to 444 months' incarceration. Mobley appealed, and this court affirmed in part, reversed in part, and remanded for resentencing on June 30, 2014.[4]

The trial court resentenced Mobley on March 3, 2016 to 333 months. Mobley obtained new counsel and made a CrR 7.8 motion to the trial court on whether he received effective assistance of counsel when he rejected the plea agreement. Following a hearing on March 10, 2017, the court concluded Mobley received ineffective assistance and should have "the opportunity to take the plea offer [of 210 months] and be resentenced thereafter."[5] The court scheduled a resentencing hearing.

---

[3] Clerk's Papers (CP) at 455.

[4] State v. Mobley, No. 68766-2-I, slip. op. at 1 (Wash. Ct. App. June 30, 2014) (unpublished), http://www.courts.wa.gov/opinions/pdf/687662.pdf.

[5] CP at 340.

On June 14, 2017, the State filed a resentencing brief and recommended a 280-month sentence. On June 16, three hours before Mobley's plea hearing was scheduled to begin, the State e-mailed a second resentencing brief to the court bailiff.[6] The new brief did not make any sentencing recommendation. After Mobley pleaded guilty, the court sentenced him to 280 months' imprisonment.

Mobley appeals.

## ANALYSIS

We review unambiguous plea agreements de novo.[7] Because "'[a] plea agreement is a contract with constitutional implications,'" we evaluate plea agreements using basic contract principles.[8] We consider the whole record objectively to determine whether the State breached a plea agreement.[9]

When a defendant enters a plea agreement, he bargains for a prosecutor's good faith recommendation and not a particular sentence.[10] When the State enters a plea agreement, it is bound by contractual and constitutional duties that "'require[] a prosecutor to adhere to the terms of the agreement' by recommending the agreed upon sentence."[11] The State breaches its duties where it fails to make

---

[6] We note that the State did not officially file its second resentencing brief until October 30, 2017, at the earliest.

[7] State v. Church, 5 Wn. App. 2d 577, 584, 428 P.3d 150 (2018).

[8] Id. (quoting State v. Townsend, 2 Wn. App. 2d 434, 438, 409 P.3d 1094 (2018)).

[9] State v. Carreno-Maldonado, 135 Wn. App. 77, 83, 143 P.3d 343 (2006).

[10] Id. at 88.

[11] State v. MacDonald, 183 Wn.2d 1, 8, 346 P.3d 748 (2015) (quoting State v. Sledge, 133 Wn.2d 828, 839, 947 P.2d 1199 (1997)).

or undermines a promised recommendation.[12] Because any breach results in a structural constitutional error, whether the breach affects the court's sentencing decision is irrelevant to whether the breach occurred.[13]

Mobley argues the State breached the plea agreement by recommending a higher sentence than offered in the plea agreement. The plea agreement states, "Both parties would agree to a low-end sentence recommendation of 210 months, or 17.5 years" in exchange for Mobley pleading guilty to six criminal charges.[14]

The State's first resentencing brief argued strongly for a 280-month sentence.

> Given a number of factors, including the severity of his crimes as detailed at trial, his prior unwillingness to accept any level of responsibility, the resources expended in prosecuting the case, and the trauma suffered by the victims due to the defendant's actions and the prosecution of the case, the court should impose 280 months in this case.[15]

The State also argued, "By virtually any metric, the defendant's acts were egregious, pre-meditated, and traumatizing in the extreme."[16] This advocacy is consistent with the State's argument for a sentence at the high end of the standard range.

---

[12] State v. Lake, 107 Wn. App. 227, 233, 27 P.3d 232 (2001).

[13] Carreno-Maldonado, 135 Wn. App. at 88; see MacDonald, 183 Wn.2d at 8 ("Harmless error review does not apply when the State breaches a plea agreement.").

[14] CP at 231.

[15] CP at 376.

[16] CP at 384.

But the original plea agreement offered a 210-month sentence, and the correct remedy here was for the State to reoffer the plea agreement.[17] Because the State recommended a 280-month sentence and argued strongly against a sentence at the low end of the standard range, the State breached the plea agreement.

The State concedes that it "filed a brief that contained an improper statement based on a misunderstanding of the law," but it contends no breach occurred because the second resentencing brief "corrected the mistake."[18] The second brief did not correct the State's mistake, however, because it did not make a sentencing recommendation. When the resentencing hearing began, the court had only a single recommendation from the State for 280 months' incarceration. Although the State later told Mobley in the resentencing hearing that "210 is the maximum that we are recommending to the judge," it never directly recommended a 210-month sentence to the court.[19] The State argues the court acknowledged an agreed recommendation of 210 months from the parties. But the unfiled

---

[17] See Lafler v. Cooper, 566 U.S. 156, 174, 132 S. Ct. 1376, 182 L. Ed. 2d 398 (2012) (holding that "the correct remedy" where a defendant receives ineffective assistance of counsel when negotiating a plea agreement "is to order the State to reoffer the plea agreement"); see also State v. Maynard, 183 Wn.2d 253, 262, 351 P.3d 159 (2015) ("In the plea bargain context, when ineffective assistance of counsel causes a plea offer to lapse, an appropriate remedy could require the prosecutor to reoffer the plea.").

[18] Resp't's Br. at 10.

[19] Report of Proceedings (June 16, 2017) at 181.

second resentencing brief did not include such a recommendation. Accordingly, the State breached the plea agreement.[20]

Mobley argues that the appropriate remedy is remand for resentencing before a different judge.

Where the State breaches a plea agreement, the defendant is entitled to be returned to the position he occupied before the breach.[21] He may either withdraw his plea or demand specific performance, unless the State shows "compelling reasons" exist to not allow his chosen remedy.[22] If on remand the defendant selects specific performance, then the State must fulfill its duty to make its promised recommendation.[23] But the trial court is not bound by the plea agreement[24] and has "the ultimate decision on sentencing."[25]

---

[20] See MacDonald, 183 Wn.2d at 8 ("Harmless error review does not apply when the State breaches a plea agreement.") Moreover, the State provides no authority to explain how a single belated attempt to recommend 210 months' incarceration cures a prejudicial constitutional error.

[21] State v. Harrison, 148 Wn.2d 550, 557, 61 P.3d 1104 (2003).

[22] Id. (quoting State v. Miller, 110 Wn.2d 528, 531, 535, 756 P.2d 122 (1988)).

[23] In re Pers. Restraint of Lord, 152 Wn.2d 182, 193, 94 P.3d 952 (2004); Harrison, 148 Wn.2d at 557.

[24] State v. Wakefield, 130 Wn.2d 464, 474, 925 P.2d 183 (1996); RCW 9.94A.431(2).

[25] Harrison, 148 Wn.2d at 557.

Because the State breached the plea agreement, Mobley may withdraw his plea or demand to be resentenced. If he elects to be resentenced, then he should be resentenced before a different judge.[26]

The State concedes that in light of <u>State v. Ramirez</u>,[27] a court must strike the DNA collection fee imposed as part of Mobley's judgment and sentence. We accept the State's concession.

Therefore, we reverse and remand for further proceedings in accord with this opinion.

WE CONCUR:

---

[26] <u>Harrison</u>, 148 Wn.2d at 557. This remedy is appropriate not due to any error by the trial court but because the trial court already expressed its views on the case's disposition. <u>Sledge</u>, 133 Wn.2d at 846 n.9.

[27] 191 Wn.2d 732, 426 P.3d 714 (2018).