IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

DIVISION II

| | |
|---|---|
| STATE OF WASHINGTON, | No. 55841-6-II |
| Respondent, | |
| v. | |
| EARNEST ALAN BLACK, | UNPUBLISHED OPINION |
| Appellant. | |

PRICE, J. — Earnest A. Black appeals his conviction for custodial assault arguing that the superior court erred by denying his motion to dismiss based on preaccusatorial delay resulting in loss of juvenile court jurisdiction. We affirm the superior court.

FACTS

On April 28, 2020, Black kicked a staff member of the Green Hill School, a juvenile detention facility, in the knee. The State charged Black with custodial assault and harassment in Lewis County juvenile court in June 2020, approximately four months before Black turned 18 years old. When the charges were filed, the State confirmed with Green Hill that Black had been released to the community on June 2. Notice of the charges was sent to Black at two different addresses. Notice was also sent to Black's parents at their individual addresses. However, Black was taken into custody in Snohomish County shortly after his release from Green Hill, and he failed to appear in Lewis County juvenile court.

After Black turned 18, the State refiled the Lewis County charges in superior court. Black filed a motion to dismiss based on charges being delayed until after Black turned 18 and the juvenile court losing jurisdiction. At the hearing on the motion to dismiss, Black admitted that the State had charged him as a juvenile, but argued that the charges should still be dismissed because the State failed to transfer him from custody in Snohomish County prior to his eighteenth birthday. The State argued that Black's motion was based solely on preaccusatorial delay. Because the State did charge Black as a juvenile, it argued that Black's motion should be denied.

Also considering the motion as being based on preaccusatorial delay, the superior court denied Black's motion to dismiss because the State filed charges in juvenile court and did not delay charging Black until he was an adult. Further, the superior court stated that it would deny Black's motion even if it considered his alternative argument that the State should have transferred Black from Snohomish County. The superior court noted that there was no evidence that the State actually knew that Black was in custody in Snohomish County or evidence that Black could have been transferred to Lewis County. The superior court explicitly stated there was no evidence that the State did anything wrong in this case. The superior court entered a written order stating only that Black's motion to dismiss was denied.

Black pleaded guilty to custodial assault. The charge of harassment was dismissed. The superior court sentenced Black to a standard range sentence of six months.

Black appeals.

ANALYSIS

Black argues that the superior court erred by denying his motion to dismiss because preaccusatorial delay violated his right to due process and because the State's mismanagement of the case requires dismissal under CrR 8.3(b). We disagree.

## I. PREACCUSATORIAL DELAY

A claim of preaccusatorial delay arises when a delay in filing charges results in a violation of a defendant's due process rights. *See State v. Oppelt*, 172 Wn.2d 285, 257 P.3d 653 (2011) (addressing claim of preaccusatorial delay based on failure to file charges for six years); *State v. Warner*, 125 Wn.2d 876, 890, 889 P.2d 479 (1995) (addressing claim of preaccusatorial delay based on failure to file charges until after defendant turned 18); *State v. Dixon*, 114 Wn.2d 857, 792 P.2d 137 (1990) (addressing claim of preaccusatorial delay based on delay in filing charges until after co-defendant was tried). We review whether preaccusatorial delay violates a defendant's right to due process de novo. *State v. Maynard*, 183 Wn.2d 253, 259, 351 P.3d 159 (2015).

> To determine if preaccusatorial delay violated a defendant's due process rights, we apply a three-pronged test: (1) the defendant must show he or she was actually prejudiced by the delay; (2) if the defendant shows actual prejudice, the court must determine the reasons for the delay; and (3) the court must weigh the reasons for delay and the prejudice to determine whether fundamental conceptions of justice would be violated by allowing the prosecution.

*Id.* at 259.

Although there is no constitutional right to be tried in juvenile court, being tried in juvenile court has statutory benefits. *Id.* at 259-60. Therefore, "a defendant meets his or her burden to

3

show actual prejudice when the preaccusatorial delay *causes* the loss of juvenile jurisdiction." *Id.* at 260.

"[A]n intentional delay by the State to circumvent the juvenile justice system will violate due process." *Warner*, 125 Wn.2d at 890. In contrast, "a negligent delay *may* violate due process." *Id.* at 891. "Neither the due process clause nor Washington statute requires that police or prosecutors employ special procedures for dealing with a juvenile suspect who is approaching his 18th birthday." *Id.* at 891.

Black argues that the State's delay in locating him and bringing him before the juvenile court resulted in prejudice by causing the loss of juvenile court jurisdiction. However, it is undisputed that the State charged Black in juvenile court. And Black does not argue that there was any meaningful delay prior to filing those juvenile charges. Black only argues that the State was negligent in not locating him in-custody in another county. In this case, there was no *preaccusatorial* delay that resulted in loss of juvenile court jurisdiction because the State promptly filed the charges in the juvenile court.

Furthermore, we are not persuaded that the State's failure to look for, and locate, Black in another county after his release from custody in Lewis County was intentional or negligent for the purpose of establishing a preaccusatorial delay. Legally, Black has cited to no authority that places this duty on the State. *See DeHeer v. Seattle Post-Intelligencer*, 60 Wn.2d 122, 126, 372 P.2d 193 (1962) ("Where no authorities are cited in support of a proposition, the court is not required to search out authorities, but may assume that counsel, after diligent search, has found none.").

Black asserts that "there is no indication the State took any additional efforts after Mr. Black missed the initial hearing and for several months after the initial hearing." Appellant's

Opening Br. at 16. But "[n]either the due process clause nor Washington statute requires that police or prosecutors employ special procedures for dealing with a juvenile suspect who is approaching his 18th birthday." *Warner*, 125 Wn.2d at 891. Because Black cannot establish that the State had any obligation to locate him and ensure he appeared in juvenile court, Black cannot establish that the State's actions resulted in any intentional or negligent delay. Because there was no intentional or negligent preaccusatorial delay that caused the loss of juvenile court jurisdiction, we do not need to reach the issue of whether preaccusatorial delay violated Black's right to due process.

## II. DISMISSAL UNDER CRR 8.3(b)

Black also argues that the State's failure to locate Black before he turned 18 and the juvenile court lost jurisdiction was misconduct, requiring dismissal under CrR 8.3(b). The State argues that we should decline to consider Black's argument because the superior court did not base its decision on CrR 8.3(b). We agree with the State and decline to consider Black's argument regarding CrR 8.3(b).

In *Warner*, our supreme court determined that it is not appropriate to review an argument based on CrR 8.3(b) if the record demonstrates the superior court's decision was not based on CrR 8.3(b). 125 Wn.2d at 883. Because the record demonstrated that the superior court did not base its decision regarding dismissal on CrR 8.3(b), our supreme court declined to apply the standards or review appropriate for CrR 8.3(b) motions. *Warner*, 125 Wn.2d at 882-83. Our Supreme Court explained:

> The record shows that the trial court did not base its dismissal of the charges on CrR 8.3(b). The rule states any exercise of discretion under the rule "shall" be accompanied by a written order setting out the court's reasons. There was a written

order of dismissal in this case, but it did not set out any reasons, nor did it mention CrR 8.3(b). Similarly, the trial court's oral opinion did not mention CrR 8.3(b) and did not indicate in any way that the dismissal was based upon this rule.

*Warner*, 125 Wn.2d at 882 (footnote omitted).

Similarly, here, the record shows that the superior court did not, in any way, base its decision on CrR 8.3(b). The superior court's written order did not mention CrR 8.3(b) or set out any reason for the dismissal. Further, although the superior court did consider Black's alternative argument—that the delay in bringing Black before the juvenile court rather than the delay in filing charges was the basis for the motion—it did not specifically consider this as an argument for dismissal under CrR 8.3(b). Because the superior court did not base its decision on CrR 8.3(b), there is no decision for us to review.

We affirm.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

PRICE, J.

We concur:

GLASGOW, C.J.

MAXA, J.