

IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | |
| | ) | No. 35571-3-III |
| Respondent, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| SAWNAY TAW, | ) | UNPUBLISHED OPINION |
| | ) | |
| Appellant. | ) | |

SIDDOWAY, J. — Under former RCW 13.04.030(1)(e)(v) (2009) of the Basic

Juvenile Court Act, the juvenile division of superior court was required to automatically

decline jurisdiction over a juvenile who was charged with a serious violent offense and

certain enumerated violent offenses. In 2016, 16 year old Sawnay Taw robbed and shot

C.P.M. during a drug transaction. The State charged him with first degree assault, first

degree robbery, and conspiracy to commit first degree robbery. The first two of these

charges subjected him to the automatic decline provisions of former RCW 13.04.030(1),

and his case was transferred to adult court. Mr. Taw pleaded guilty in adult court to first

degree robbery and conspiracy to commit first degree robbery. Subsequently, however,

the legislature amended former RCW 13.04.030(1) and removed first degree robbery as

an offense subject to automatic declination. *See* LAWS OF 2018, ch. 162, § 1.

Mr. Taw contends the juvenile court's automatic declination of jurisdiction under

former RCW 13.04.030(1) violated his due process rights. He also argues that the

amendment of RCW 13.04.030(1) applies retroactively, requiring reversal of his

convictions and remand to juvenile court. We affirm, holding that automatic declination

of juvenile court jurisdiction did not violate Mr. Taw's due process rights, and that the

amended statute is not retroactive.

FACTS

On October 8, 2016, Mr. Taw and three friends arranged the purchase of

prescription cough syrup containing codeine from C.P.M, a known dealer. In actuality,

however, they intended to rob C.P.M. instead. Mr. Taw and his friends met C.P.M. in

north Spokane. After C.P.M. showed them four baby bottles filled with cough syrup, Mr.

Taw pulled out a handgun, shot him in the neck, and fled with the four bottles. C.P.M.

survived the shooting and identified his assailant. Mr. Taw was arrested and held in

juvenile detention pending his arraignment.

On October 10, 2016, the Spokane County prosecutor charged Mr. Taw by

information with one count of first degree assault. Because first degree assault is a

serious violent offense (RCW 9.94A.030(46)), his case was automatically transferred to adult court under former RCW 13.04.030(1)(e)(v). Defense counsel moved for remand to juvenile court for a decline hearing, arguing that the auto-decline statute violates the Eighth Amendment to the United States Constitution and due process safeguards. The trial court denied the motion to remand.

In December 2016, the State filed amended charges of first degree assault, first degree robbery, and conspiracy to commit first degree robbery. First degree robbery was one of the enumerated serious offenses subject to automatic declination of juvenile court jurisdiction. Former RCW 13.04.030(1)(e)(v)(C).

Mr. Taw pleaded guilty in July 2017 to first degree robbery and conspiracy to commit first degree robbery. At sentencing, the trial court considered defense arguments for an exceptional sentence downward due to Mr. Taw's youth and immaturity. Evidence showed that Mr. Taw came from a Burmese refugee family that had moved to the United States in 2010, he attended English as a second language classes in high school, he was younger than his chronological age in sophistication and maturity, he had peers whose values were not in line with his family's and who induced him to commit the crime, and he had no prior criminal history. Based on this information, the court found substantial and compelling reasons to justify an exceptional sentence downward. On August 16, 2017, Mr. Taw was sentenced to the high end of the standard range—54 months—with a reduced firearm enhancement of 22 months, for a total of 76 months of confinement, with

no community custody.  Additionally, the court provided that Mr. Taw would have the

opportunity to serve most of that confinement in juvenile detention:

> The Court heard testimony regarding services available to a youth
> sentenced to serve time at a JRA[1] facility and, based on Mr. Taw's good
> behavior and prior amenability to services while in Spokane County
> Juvenile Detention, the Court supports Mr. Taw remaining in a juvenile
> facility until 21 if he is deemed eligible and appropriate by JRA and the
> Department of Corrections.

Clerk's Papers at 164.

## DISCUSSION

Mr. Taw raises two issues on appeal.  First, he reprises his pretrial argument that

he was deprived of his substantive and procedural due process rights when he was

automatically declined jurisdiction in juvenile court without a hearing.  Second, he

contends the 2018 amendments to RCW 13.04.030, which deleted first degree robbery

from the enumerated crimes subject to automatic decline of juvenile court jurisdiction,

apply retroactively to his case.

*Deprivation of Due Process Rights*

Recently, the Washington Supreme Court settled Mr. Taw's first issue in *State v.*

*Watkins*, 191 Wn.2d 530, 423 P.3d 830 (2018).  The appellant in *Watkins* was a 16-year-

old charged with first degree burglary who was automatically transferred to adult court

under former RCW 13.04.030(1).  Before trial, he objected to the automatic decline of

---

[1] Juvenile Rehabilitation Administration.

4

juvenile court jurisdiction as a violation of his federal due process rights and as cruel and unusual punishment under the Eighth Amendment to the United States Constitution. *Watkins* noted that there is no constitutional right to be tried in juvenile court or to a hearing before declination of juvenile court jurisdiction. *Id.* at 536 (citing *State v. Boot*, 130 Wn.2d 553, 569-72, 925 P.2d 964 (1996)). The court recognized that recent state and federal cases emphasize "that juveniles are developmentally different from adults and that these differences are relevant to juvenile defendants' constitutional rights." *Id.* at 544. But trial courts have discretion to consider the mitigating circumstances of youth to impose any sentence below the applicable range: "Put simply, automatic decline does not violate a juvenile defendant's substantive due process right to be punished in accordance with his or her culpability because adult courts can take into account the 'mitigating qualities of youth at sentencing.'" *Id.* at 544-46 (quoting *State v. Houston-Sconiers*, 188 Wn.2d 1, 21, 391 P.3d 409 (2017)). The court also held that automatic decline comports with procedural due process. *Id.* at 542.

*Watkins* controls here. Thus, Mr. Taw's due process claims are without merit.[2] Furthermore, the trial court considered the mitigating circumstances of Mr. Taw's youth at sentencing and authorized detention in the juvenile facility—precisely the process contemplated in *Watkins*.

---

[2] As in *Watkins*, Mr. Taw does not specifically invoke state due process protections. *See Watkins*, 191 Wn.2d at 535 n.2.

*Retroactivity of the 2018 amendments to RCW 13.04.030*

After Mr. Taw's convictions and sentencing, the Washington Legislature amended former RCW 13.04.030(1)(e)(v) to remove first degree robbery and several other crimes from the list of offenses that automatically subject a juvenile to adult court jurisdiction. LAWS OF 2018, ch. 162, § 1. Mr. Taw contends the 2018 amendments are remedial in nature and thus should apply retroactively to his case. As a result, he argues, his judgment and sentence should be reversed and remanded for a decline of jurisdiction hearing. *See In re Pers. Restraint of Dalluge*, 152 Wn.2d 772, 783, 100 P.3d 279 (2004) (Once the juvenile is charged with an offense that does not qualify for automatic adult court jurisdiction, the adult court loses jurisdiction over the proceedings and the matter must be remanded to the juvenile court for a decline hearing.).

Generally an amendment to a statute is presumed to apply prospectively unless the legislature specifically provides for retroactive application or the amendment is curative or remedial. *In re Pers. Restraint of Flint*, 174 Wn.2d 539, 546, 277 P.3d 657 (2012). "A remedial change relates to practices, procedures, or remedies without affecting substantive or vested rights." *Id.* A "right" is a legal consequence, while a "remedy" is a legal procedure to enforce a right. *State v. McClendon*, 131 Wn.2d 853, 861, 935 P.2d 1334 (1997).

Nothing in the legislative purpose section of Laws of 2018, chapter 162, indicates that the amendments are to apply retroactively. The presumption that the amendments

6

apply prospectively is strengthened by the section's use of present and future tenses: "AN ACT Relating to revising conditions under which a person is subject to exclusive adult jurisdiction and extending juvenile court jurisdiction over serious cases to age twenty-five." LAWS OF 2018, ch. 162; *McClendon*, 131 Wn.2d at 861. The amendment does not clarify prior ambiguous language and does not relate to a practice, procedure, or remedy. It merely narrows the scope of juvenile offenders who will be charged automatically in adult court. *Watkins*, 191 Wn.2d at 533 n.1. Consequently, the amendments to RCW 13.04.030(1) do not apply retroactively to Mr. Taw's case. *See Watkins*, 191 Wn.2d at 533 n.1 (stating in dicta that the amendments to RCW 13.04.030(1) do not apply retroactively).

CONCLUSION

Following precedent established in *Watkins*, we hold that Mr. Taw was not deprived of his substantive or procedural due process rights when he was automatically declined jurisdiction in juvenile court without a hearing. We also hold that the 2018 amendments to RCW 13.04.030(1) do not apply retroactively. Accordingly, we affirm Mr. Taw's convictions in adult court of first degree robbery and conspiracy to commit first degree robbery.

No. 35571-3-III
*State v. Taw*

Affirmed.

A majority of the panel has determined this opinion will not be printed in the

Washington Appellate Reports, but it will be filed for public record pursuant to RCW

2.06.040.

_____
Siddoway, J.

WE CONCUR:

_____        _____
Lawrence-Berrey, C.J.                                        Pennell, J.