**IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON**

**DIVISION  II**

| | |
|---|---|
| In the Matter of the Personal Restraint Petition of <br><br> JOHN MICHAEL BROOKS, <br><br><br> Petitioner. | No.  54969-7-II <br><br><br> UNPUBLISHED OPINION |

WORSWICK, J. — John Brooks seeks relief from personal restraint imposed as a result of his 2017 convictions for two counts of first degree rape of a child.[1]  He argues that he received ineffective assistance of trial counsel in numerous ways.  To establish ineffective assistance of counsel, he must demonstrate that his counsel's performance fell below an objective standard of reasonableness and that as a result of that deficient performance, the result of his case probably would have been different.  *State v. McFarland*, 127 Wn.2d 322, 334-35, 899 P.2d 1251 (1995); *Strickland v. Washington*, 466 U.S. 668, 687, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984).  This court presumes that trial counsel's performance was reasonable, and legitimate strategic decisions do not constitute deficient performance.  *State v. Grier*, 171 Wn.2d 17, 42, 246 P.3d 1260 (2011).

First, regarding Brooks's ineffective assistance of counsel arguments, he claims that his counsel's failure to consult with or call as witnesses (1) a medical examiner regarding the lack of physical signs of sexual abuse and (2) an early childhood psychologist regarding child interview techniques and the ability to implant false memories, constitutes ineffective assistance.  But even

---

[1] We issued the mandate of Brooks's direct appeal on December 10, 2019, making his September 14, 2020 petition timely filed.  RCW 10.73.090(3)(b).

assuming, without deciding, that his counsel's performance was deficient, he fails to show that such consultation or production of such testimony would probably have changed the result of his trial.

He next argues that his counsel's failure to "properly address" prior inconsistent statements of Sherry Brooks and Randi Brooks constitutes ineffective assistance. Pet. at 6. But he fails to show that his counsel's cross-examination of those witnesses fell below an objective standard of reasonableness.

He also argues that he received ineffective assistance when his counsel did not interview or call as witnesses (1) his father, (2) a pastor regarding Sherry Brooks's bias, and (3) Sherry Brooks's niece and brother regarding her character and veracity. His counsel did interview Brooks's father, and after that interview, made a legitimate tactical decision not to call him as a witness. As to the other witnesses, Brooks does not show that interviewing them would have led to any admissible testimony. *State v. Neidigh*, 78 Wn. App. 71, 76-77, 895 P.2d 423 (1995). Thus, he does not show deficient performance.

Brooks also argues that his counsel provided ineffective assistance when he did not introduce as evidence in the child hearsay hearing and at trial (1) letters from Sherry Brooks demonstrating her bias and lack of veracity, (2) Facebook messages between Randi Brooks and Angel Alvarez demonstrating her bias and lack of veracity, (3) a police report purportedly showing Randi Brooks's perjury, and (4) the report of the victim's medical examination regarding lack of signs of sexual abuse. But as to the first three, he does not show how that evidence would have been admissible. And as to the latter, he does not show that the introduction of that report would probably have changed the result of his trial. So, again, he does not show ineffective assistance of counsel.

Brooks argues that he received ineffective assistance because his counsel failed to properly address the efforts of Randi Brooks and Sherry Brooks to obtain custody of the victim. But he does not show that his counsel's investigation fell below an objective standard of reasonableness. Brooks also argues that his counsel provided ineffective assistance by not providing a "meaningful and vigorous defense" by his not calling Brooks's grandmother, father, and Jordan Brooks as witnesses; by his failure to notify Brooks of the option of a bench trial; and by his failure to properly cross-examine Sherry Brooks. But he does not show that his counsel's performance fell below an objective standard of reasonableness, and he does not establish that neither of his counsel advised him of the option of a bench trial.

Second, Brooks argues that the State committed misconduct by failing to disclose potentially exculpatory evidence in violation of *Brady v. Maryland*, 373 U.S. 83, 87, 83 S. Ct 1194, 10 L. Ed. 2d 215 (1963). But he does not show that his father's statements to the prosecutor, opining that Brooks is honest and Sherry Brooks is not, and stating that there were two other witnesses as to Sherry Brooks's lack of veracity (although his father refused to identify them), is exculpatory or impeaching. Thus, he does not demonstrate any *Brady* violation.

Third, Brooks argues that the trial court committed misconduct by (1) denying him counsel during a speedy trial hearing following his first attorney's withdrawal and (2) answering a jury question without him being present in court. As to the former, he does not show that the court committed misconduct by conducting a speedy trial hearing after Brooks's first counsel had withdrawn and before his second counsel had been appointed. And as to the latter, Brooks was present in court by the time the court answered the jury question, and the discussion between counsel and the court that preceded that answer was not a critical stage of the proceeding that

required his presence.[2] *In re Pers. Restraint of Lord*, 123 Wn.2d 296, 306, 868 P.2d 835 (1994). Brooks does not demonstrate any misconduct by the court.

Brooks does not show any grounds for relief from personal restraint. We therefore deny his petition and his request for appointment of counsel.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

Worswick, J.

We concur:

Lee, C.J.

Glasgow, J.

---

[2] Brooks also appears to argue that he received ineffective assistance of appellate counsel in failing to raise the jury question issue in his direct appeal. But because the argument is without merit, the failure to raise it on direct appeal does not constitute ineffective assistance of appellate counsel. *In re Pers. Restraint of Dalluge*, 152 Wn.2d 772, 787, 100 P.3d 279 (2004).